■ Archbishopric of the City of New York, Plaintiff, v City of New York et al., Defendants. Little Antigone Theatres, Inc., Appellant, v City of New York et al., Respondents.—Order, Supreme Court, New York County, entered on June 6, 1977, granting the defendants' motion for summary judgment dismissing the complaint in the action denominated Action No. 2, and denying plaintiff's cross motion for summary judgment as to the issue of liability in that action is unanimously modified, on the law, without costs and without disbursements, to deny defendants' motion for summary judgment and is otherwise affirmed. In these actions for damages for wrongful demolition of a building, the plaintiffs are mortgagee and owner of a church building that was being remodeled into a theatre. In 1971, renovations were suspended and in August, 1971, the buildings department certified the building as "unsafe and improperly sealed". In October, 1971, the fire department found the premises abandoned, open, unguarded and unsealed, and reported other hazardous conditions in January, 1972 after a fire at the same premises. In March, 1972, the buildings department mailed plaintiff a notice declaring that the building was a nuisance demanding that same be abated. In the summer of 1972, when plaintiff's president and sole stockholder was out of the country, the defendant demolished the building because the nuisance was not abated and constituted "imminent peril to the public health" (Administrative Code of City of New York, § 564-20.0). Plaintiff owner submits affidavits that during the time in question the building was boarded up, secured and cared for by a custodian, that plumbing work was being done in the premises; the city had approved the building as a methadone clinic with a "minimum of alterations." "The purpose of a motion for summary judgment * * * is to determine whether there is a triable issue of fact and to obtain judgment forthwith if it is determined that no such issue is presented." (6 Carmody-Wait 2d, NY Prac, § 39:1). It appears that the trial court did not, in its decision, address itself to the question of triable issues. Without going into the question of the defendants' right to abate a nuisance summarily, there does seem to be an issue raised as to whether the building in question conforms to the definition of "nuisance" as delineated in section 564-15.0 of the Administrative Code, and it would require a plenary trial to ascertain whether a building, otherwise untenanted but having a caretaker, secured and boarded up, and upon which repair work was being done could be equated with the city's definition of a "nuisance." In the circumstances presented in this record, the respondents' argument that appellant should have exhausted possible administrative remedies is rejected. Concur—Kupferman, J. P., Lupiano, Evans and Sullivan, JJ.