■ DOUGLAS BROWN, Respondent, v WOLF WEINREB et al., Appellants. (And Two Third-Party Actions.)—Judgment, Supreme Court, New York County (Beatrice Shainswit, J.), entered April 8, 1991, granting plaintiff interlocutory judgment on the issue of liability against all defendants, unanimously reversed, on the law, without costs or disbursements, and the complaint dismissed.

Plaintiff commenced this action to recover for personal injuries allegedly sustained when he fell into an opening in the floor in a video store in premises owned by defendants and leased to American Video Express, Inc., against which defendants brought a third-party action. The opening, which led to a storage area in the basement, was normally covered by a trap door.

The standard form store lease provided, in Paragraph 4: "Tenant shall, throughout the term of this lease, take good care of the demised premises and the fixtures and appurtenances therein * * * and at its sole cost and expense, make all non-structural repairs thereto as and when needed to preserve them in good working order and condition, reasonable wear and tear, obsolescence and damage from the elements, fire or other casualty, excepted."

Paragraph 13 of the lease ("Access to Premises") provided that the landlord "shall have the right (but shall not be obligated) to enter the demised premises * * * to make such repairs, replacements and improvements as [landlord] may deem necessary and reasonably desirable * * * or which [landlord] may elect to perform, in the premises, following Tenant's failure to make repairs or perform any work which Tenant is obligated to perform under this lease, or for the purpose of complying with laws, regulations and other directions of governmental authorities." The jury found that defendants were negligent and that their negligence was a proximate cause of the accident. We believe that the evidence was insufficient to support a finding of liability against defendants, and, accordingly, reverse.

There was no evidence that defendants negligently or defectively constructed, maintained or repaired the premises or that there was any violation of Administrative Code of the City of New York § 27-128. Specifically, there is no evidence

that the trap door itself was an unsafe construction, nor is there any claim that, with the door in place, there was even a negligent condition. It could only become unsafe by an improper use, i.e., left in an open position. *(See, Torpey v Sanders,* 248 App Div 303, 305.)* Nor can liability be imposed on defendants for their failure to provide other safeguards to prevent injury. A permanent barrier would interfere with the use of the floor area when the trap door was in place *(see, supra)* and, indeed, would itself create a hazard. "If a movable fixture in the form of a guard or barrier had been provided, there is as little occasion to anticipate that the tenant * * * would adjust it so that it might perform its functions, as there is that [the tenant] would close the door after using it, in order that an accident might be avoided." *(Supra,* at 305.)

Plaintiff also predicates defendants' liability on their purported violation of the New York State Industrial Code which applies to, *inter alia,* all mercantile establishments, and which requires, insofar as relevant, that "[a]ll floor openings into which a person can accidentally fall * * * shall be protected by a standard railing and toeboard or by an enclosure at least 42 inches in height". (12 NYCRR 16.2 [e].) However, even if this regulation were applicable, having failed to rely on this provision at trial, plaintiff is thereby precluded from doing so on appeal. In any event, plaintiff fails to establish that this requirement would apply to an opening that is normally covered by a door. Since it makes no sense to require an enclosure in such circumstances, we decline to interpret the regulation to impose such a requirement. Concur—Sullivan, J. P., Carro, Ross, Asch and Smith, JJ.