■ CHRISTOS MAGANIAS et al., Appellants, v SCOTT REALTY COMPANY, Respondent.—In an action to recover damages for personal injuries, etc., the plaintiffs appeal from an order and judgment (one paper) of the Supreme Court, Kings County (Williams, J.), dated July 30, 1990, which granted the defendant's motion for summary judgment and dismissed the plaintiffs' complaint.

Ordered that the order and judgment is affirmed, with costs.

The plaintiff Christos Maganias was allegedly injured on August 28, 1976, when he was struck by a panel of a garage door located on premises owned by the defendant, Scott Realty Company. The premises were leased to the employer of the plaintiff Christos Maganias, the third-party defendant Ryder Truck Lines, Inc. Pursuant to the terms of the lease, the tenant was obligated to make all necessary repairs to the premises except for structural repairs, which remained the landlord's responsibility. The landlord also retained a right of re-entry under the lease but was required to give the tenant notice prior to making any nonemergency repairs.

The garage doors on the premises were used extensively every day and required constant maintenance because of the

wear and tear caused by their use. Whenever the garage doors needed repair, the tenant called in service companies to make the repairs at its own expense. There is no evidence in the record indicating that the landlord was ever notified with respect to the allegedly dangerous condition of the garage doors.

Under the circumstances of this case, we find no basis for imposing liability on the defendant landlord who was not in possession of the property at the time of the alleged accident (see, Santiago v Gartenberg, 178 AD2d 640). The plaintiff did not offer any evidence in support of the contention that the allegedly defective condition of the garage doors was caused by some type of structural deficiency on the concrete loading platform. Accordingly, the court properly granted summary judgment in favor of the landlord.

We have considered the plaintiffs' remaining contention and find it to be without merit. Thompson, J. P., Rosenblatt, Lawrence and Ritter, JJ., concur.