■ SHIRLEY ANILUS, Respondent, v GAIL REALTIES et al., Defendants and Third-Party Plaintiffs-Appellants, et al., Defendants. JOLI MADAME BOUTIQUE, INC., Third-Party Defendant-Appellant. [614 NYS2d 551] —In an action to recover damages for personal injuries, the defendants Gail Realties, Anatol Inkeles, and Klara Inkeles appeal from an order of the Supreme Court, Kings County (Hurowitz, J.), dated December 15, 1992, which denied their motion for summary judgment dismissing the complaint insofar as it is asserted against them, and the third-party defendant Joli Madame Boutique,

Inc., appeals from so much of the same order as denied its cross motion for summary judgment dismissing the third-party complaint.

Ordered that the order is reversed, on the law, with costs, the motion and cross motion are granted, the complaint is dismissed insofar as it is asserted against the defendants Gail Realties, Anatol Inkeles, and Klara Inkeles and, the action against the remaining defendants is severed, and the third-party complaint is dismissed.

On October 7, 1984, the plaintiff Shirley Anilus was allegedly injured when she was struck in the head by a trap door leading into the basement of the boutique in which she was employed. The record indicates that the accident occurred when a fellow employee, who was holding the trap door open for the plaintiff, prematurely released it, causing the door to drop and hit the plaintiff. At the time of the accident, the premises leased by the plaintiff's employer was owned by the appellants Gail Realties, Anatol Inkeles, and Klara Inkeles. The plaintiff subsequently commenced this action, *inter alia,* against the appellants, alleging that they had negligently permitted a dangerous condition to exist at the premises, and the appellants in turn impleaded the plaintiff's employer, Joli Madame Boutique, Inc.

On appeal, the appellants contend, *inter alia,* that the Supreme Court erred in denying their motion for summary judgment because the plaintiff failed to submit any evidence that the trap door was structurally unsafe, and that its dangerous condition was a proximate cause of the accident. We agree. The unsupported allegation of the plaintiff's attorney that the "entire trap door" constituted an unreasonable danger was insufficient to raise an issue of fact as to whether the trap door was constructed in an unsafe manner, or violated any statutory or administrative safety standards *(see, Brown v Weinreb,* 183 AD2d 562). Thus, although it is undisputed that the trap door was constructed prior to the lease of the premises to the plaintiff's employer, under the circumstances of this case we find no basis for imposing liability on the appellants, who were not in possession of the premises at the time of the accident *(see, Maganias v Scott Realty Co.,* 187 AD2d 417). Accordingly, the appellants' motion for summary judgment dismissing the complaint insofar as it is asserted against them and the third-party defendant's motion for summary judgment dismissing the third-party complaint are granted. Thompson, J. P., Rosenblatt, Ritter, Friedmann and Krausman, JJ., concur.