■ ROBERT KRAMER et al., Appellants, v ASH CLOTHING et al., Defendants, and LEON XANTHOS et al., Respondents. [624 NYS2d 926] —In an action to recover damages for personal injuries, etc., the plaintiffs appeal from an order of the Supreme Court, Kings County (Hurowitz, J.), dated December 2, 1993, which granted the motion of the defendants Leon and

Stella Xanthos for summary judgment, dismissing the complaint insofar as it is asserted against them.

Ordered that the order is affirmed, with costs.

The Supreme Court properly dismissed the complaint insofar as it is asserted against the respondents. The record demonstrates that the respondents were landlords out of possession and did not retain sufficient dominion and control over the leased premises where the accident occurred to impose liability upon them for an allegedly defective condition existing on the premises (see, Aprea v Carol Mgt. Corp., 190 AD2d 838; Canela v Foodway Supermarket, 188 AD2d 416; Brown v Weinreb, 183 AD2d 562; Hecht v Vanderbilt Assocs., 141 AD2d 696, 699; Silver v Brodsky, 112 AD2d 213, 214). Contrary to the appellants' contentions, we find no basis in this record to conclude that the trap door on the premises constituted a defective condition or that the respondents violated any statutory regulation. Bracken, J. P., Rosenblatt, Lawrence, Krausman and Goldstein, JJ., concur.