■ ZENOBIA DANIEL, Respondent, v MICHAEL FLEISHER et al., Defendants and Third-Party Plaintiffs-Appellants. TRIBOROUGH BRIDGE AND TUNNEL AUTHORITY, Third-Party Defendant-Appellant. [646 NYS2d 367] —In an action to recover damages for personal injuries, the third-party defendant appeals from an order of the Supreme Court, Queens County (Milano, J.), dated October 26, 1995, which denied its motion for summary judgment dismissing the complaint and the third-party complaint. The defendants third-party plaintiffs separately appeal, as limited by their brief, from so much of the order as denied that branch of the motion which was for summary judgment dismissing the complaint.

Ordered that the order is reversed, on the law, with costs, the motion is granted, and the complaint and third-party complaint are dismissed.

The plaintiff commenced this action against Michael and Carole Fleisher to recover damages for personal injuries allegedly sustained when she fell into an opening in the floor of an office owned by the Fleishers and leased to the plaintiff's employer, the Triborough Bridge and Tunnel Authority. The opening, which led to a storage area in the basement, was normally covered by a trap door. There is no evidence that the Fleishers negligently or defectively constructed, maintained, or repaired the premises, or that there was any violation of the Administrative Code of the City of New York. There is no evidence that the trap door constituted a defective condition and there is no claim that an unsafe condition existed when the trap door was closed (*see, Wisznic v Nostrand Shoppers,* 215 AD2d 553; *Kramer v Ash Clothing,* 213 AD2d 600; *Brown v Weinreb,* 183 AD2d 562). The door became unsafe only after it was left in an open position. Therefore, the Fleishers cannot, as a matter of law, be liable for the plaintiff's injuries. In light of this determination, the third-party action by the Fleishers against the Triborough Bridge and Tunnel Authority also must be dismissed. Miller, J. P., O'Brien, Sullivan and Altman, JJ., concur.