■ LOUISE RAYNOR, Appellant, v 666 FIFTH AVENUE LIMITED PARTNERSHIP et al., Respondents. (And a Third-Party Action.) [647 NYS2d 779] —Order, Supreme Court, New York County (Harold Tompkins, J.), entered on or about June 20, 1995, which granted defendants' motion for summary judgment dismissing the complaint, unanimously affirmed, without costs.

Defendant, an out of possession landlord with a general right of reentry, is not liable for general maintenance defects, but only for structural failures or specific statutory violations (*see, Johnson v Urena Serv. Ctr.*, 227 AD2d 325). A hole in a carpet that lay wholly within the demised premises and was usually covered by an employee-placed runner is a non-structural defect over which the tenant in possession has sole control (*see, Aprea v Carol Mgt. Corp.*, 190 AD2d 838).

Plaintiff's arguments premising liability on the New York State Industrial Code and Labor Law § 200 are improperly raised for the first time on appeal and we decline to consider them (*Brown v Weinreb*, 183 AD2d 562, 563; *Serviss v Long Is. Light. Co.*, 226 AD2d 442, 443). Similarly, applicability of a nuisance statute to a particular building is a question of fact (*see, Archbishopric of City of N. Y. v City of New York*, 63 AD2d 912), and a fact-based argument that could have been countered if it had been made before the motion court will not be considered for the first time on appeal (*City of New York v Stack*, 178 AD2d 355, *lv denied* 80 NY2d 753). Were we to reach these arguments, we would find them to be without merit.

Plaintiffs' remaining contentions are unpersuasive. Concur—Milonas, J. P., Ellerin, Wallach, Rubin and Kupferman, JJ.