■ ISER ABRAMOVITZ, Respondent, v KEW REALTY EQUITIES, INC., et al., Defendants. SKS PROPERTY MANAGEMENT L.P. et al., Intervenors-Appellants. [652 NYS2d 737] —Order, Supreme Court, New York County (Joan Lobis, J.), entered on or about November 3, 1995, which, *inter alia*, granted plaintiff a charging lien pursuant to Partnership Law § 54 against judgment debtor Harry Skydell's partnership interest in intervenor Puck Associates and declared that such lien has priority over any security interest held by intervenor SKS Property Management

L.P. in the judgment debtor's partnership interest; order, same court and Justice, entered March 13, 1996, which, *inter alia*, denied the intervenors' motion for discovery and for disqualification of plaintiff's attorneys, and order, same court and Justice, entered July 24, 1996, which granted the intervenors' motion for renewal and reargument and, after a hearing, adhered to the initial determination granting the charging lien, unanimously affirmed, with costs.

The motion court correctly rejected the intervenors' argument that they obtained priority by possession of the collateral, inasmuch as the judgment debtor's partnership interest, and not the security agreement executed in conjunction with his promissory note, was the collateral. The intervenors' argument that the partnership interest here is not the type of collateral that was intended to be included in the dual filing requirement of UCC 9-401, where the debtor has a place of business in only one county, is also without merit since there is no statutory basis for distinguishing between types of collateral as to such filing requirement.

The court's factual determination that plaintiff did not have actual knowledge of the contents of SKS's financing statement prior to seeking the execution and the charging order (and that therefore the intervenors' failure to file their financing statement in the proper county could not be excused under the doctrine of substantial compliance) was based largely upon the hearing court's credibility findings and should not be disturbed (*Thoreson v Penthouse Intl.*, 80 NY2d 490, 495).

The denial of further disclosure was not an improvident exercise of discretion given that further discovery would not be consonant with the purpose of renewal. Disqualification of plaintiff's attorneys was properly denied on the ground that the intervenors had failed to sustain their burden of demonstrating that any of the attorneys would provide testimony adverse to the interests of their client.

We have considered intervenors' other contentions and find several of them to be improperly advanced for the first time on appeal (*Raynor v 666 Fifth Ave. Ltd. Partnership*, 232 AD2d 226), and, in any event, all of them to be without merit. Concur—Williams, J. P., Tom, Mazzarelli and Andrias, JJ.