■ BRIAN ACKERT et al., Appellants, v V.A.W. OF AMERICA, INC., Respondent. [671 NYS2d 840] —Yesawich Jr., J. Appeal from an order of the Supreme Court (Torraca, J.), entered June 3, 1997 in Ulster County, which granted defendant's motion for summary judgment dismissing the complaint.

This action arises from an incident in which plaintiff Brian Ackert (hereinafter plaintiff) fell off the edge of a truck scale located on defendant's premises in the Village of Ellenville, Ulster County. After parking his tractor-trailer on the scale, which was approximately 18 inches above ground level, plaintiff began to climb down from the cab so the vehicle could be weighed. As he stepped onto the scale, however, he lost his footing and fell to the ground below, allegedly sustaining injuries to his back and shoulder.

Plaintiff and his wife, derivatively, then commenced this suit, contending that defendant was negligent in failing to provide stairs between the surface of the scale and the pavement that could be used by drivers entering and leaving their trucks. After issue was joined and depositions were taken, defendant moved for summary judgment. Supreme Court, finding no causal connection between defendant's purported negligence and plaintiff's fall, granted the motion and this appeal by plaintiffs followed.

We affirm. Plaintiffs have failed to tender any proof that the lack of a step or steps between the bed of the truck scale and the ground constituted a defective or unreasonably dangerous condition (see, Basso v Miller, 40 NY2d 233, 241; cf., Kramer v Ash Clothing, 213 AD2d 600, 601). The fact that defendant may have been informed that the scale was slippery during inclement weather is irrelevant, for the accident occurred on a clear, dry day and plaintiff testified that he saw no foreign substance on the surface of the scale. And, while the violation of a safety standard can support a finding of negligence (see, Landry v General Motors Corp., Cent. Foundry Div., 210 AD2d 898), the regulations cited by plaintiffs (e.g., 29 CFR 1910.24 [h]; 12 NYCRR former 16.10 [b]) are, in our view, inapplicable (cf., Brown v Weinreb, 183 AD2d 562, 563).

Moreover, even assuming that defendant acted unreasonably by failing to install access stairs for the drivers, there is, as Supreme Court noted, no probative evidence that plaintiff's fall—which, he admits, resulted from his failure to pay attention to the placement of his foot on the surface to which he was

descending—would have been averted by the presence of such steps (*see, Pitkin v McMahon*, 243 AD2d 958, 960-961). Significantly, plaintiff did not fall when traversing the span that would have been bridged by the stairs (between the scale and the ground), but as he was stepping from his truck down to the scale itself. Although plaintiff's expert engineer opines that a "proper stairway", along with the railings and handrails he maintains are required by the aforementioned regulations, would have prevented or broken plaintiff's fall, this is mere speculation without any foundation in the record, and is therefore insufficient basis for the denial of a motion for summary judgment (*see, Davis v Pimm*, 228 AD2d 885, *lv denied* 88 NY2d 815).

Mikoll, J. P., Crew III, Peters and Carpinello, JJ., concur. Ordered that the order is affirmed, with costs.