■ SUSAN S. LARKINS, Appellant, v GARY HAYES, Respondent. [699 NYS2d 213] —Carpinello, J. Appeal from an order of

the Supreme Court (Lynch, J.), entered September 28, 1998 in Schenectady County, which granted defendant's motion for summary judgment dismissing the complaint.

On the evening of November 23, 1994, plaintiff returned home from a trip to the grocery store and parked her vehicle in the detached garage of the premises she rented from defendant. As soon as she exited the garage door, she began to slip and slide on ice that had apparently accumulated on the driveway (she had not noticed any ice when she left for the store an hour earlier). Laden with a grocery bag in each hand and a pocketbook over her shoulder, plaintiff slid a short distance toward a stairway leading to the house. According to plaintiff, she never released the bags while sliding and, upon reaching the top of the stairs, both feet "came out from under [her]". "[F]lailing" and "airborne", she landed at the bottom of the stairs. At some point while "flailing in the air", she dropped the grocery bags. A day or two before plaintiff's fall, the Department of Transportation, without defendant's knowledge or permission, had paved the driveway, which was directly adjacent to the highway. Prior to paving, the driveway had been gravel and crushed stone. It was apparently paved in such a way that it pitched downhill, toward the stairs and an adjoining retaining wall, thereby causing water to collect and freeze in this area.

Plaintiff commenced this suit, contending that defendant was negligent in failing to provide adequate lighting in the vicinity of the garage and in failing to provide handrails on the retaining wall and stairs. Defendant moved for summary judgment, arguing that he did not have actual or constructive notice of the icy conditions which caused plaintiff's fall and that the lack of handrails and lighting were not the proximate cause of her accident. Supreme Court granted the motion and dismissed the complaint, prompting this appeal by plaintiff.

We affirm. In response to defendant's prima facie showing that he was entitled to summary judgment, plaintiff was obligated to provide proof "sufficient to permit a finding of proximate cause based not upon speculation, but upon the logical inferences to be drawn from the evidence" (*Ellis v County of Albany*, 205 AD2d 1005, 1007), i.e., she was required to submit evidentiary proof that "her injury was a natural and probable consequence of conditions for which defendant[ ] [was] responsible" (*id.*, at 1007). Even drawing all reasonable inferences in favor of plaintiff, it is clear that she fell because of icy conditions on the recently paved driveway. Defendant was not responsible for these conditions, nor did he have actual or constructive notice of them. Indeed, plaintiff concedes as much.

Significantly, plaintiff did not fall while simply descending the stairs (compare, *Hotzoglou v Hotzoglou*, 221 AD2d 594; *Lattimore v Falcone*, 35 AD2d 1069). Rather, solely because of ice on the pavement, she immediately began to slip and slide upon exiting the garage. The averments of plaintiff's expert that, had there been handrails on either the retaining wall or stairs, plaintiff would have been able to bring her slide under control are speculative and insufficient to deny summary judgment to defendant (*see, Ackert v V.A.W. of Am.*, 249 AD2d 804; *see generally, Gleason v Reynolds Leasing Corp.*, 227 AD2d 375, 376, *lv denied* 89 NY2d 802; *Gaul v Motorola, Inc.*, 216 AD2d 879, 880).

Cardona, P. J., Mikoll, Mercure and Yesawich Jr., JJ., concur. Ordered that the order is affirmed, with costs.