■ GAIL HAUSMANN, Respondent, v UMK, INC., et al., Respondents, and 5582 BROADWAY REALTY Co., INC., Appellant. [744 NYS2d 404] —Order, Supreme Court, Bronx County (Kenneth Thompson, Jr., J.), entered on or about October 17, 2001, which denied defendant 5582 Broadway Realty Co.'s (5582 Broadway) motion for summary judgment, unanimously reversed, on the law, without costs, the motion granted, and the action against this defendant dismissed. The Clerk is directed to enter judgment in favor of defendant-appellant, dismissing the complaint as against it.

Appellant 5582 Broadway is the owner of a commercial premises in the Bronx where plaintiff alleges she fell on a welcome mat outside the building. The mat is owned and has consistently been maintained by two lessees who operate a store in the building, Patgo Stationery (Patgo) and UMK, Inc. (UMK).

Defendant 5582 Broadway is an out-of-possession landlord with a general right of reentry pursuant to a provision in the lease, and thus cannot be held liable for general maintenance defects, but only for structural failures or specific statutory violations (*Raynor v 666 Fifth Ave. Ltd. Partnership*, 232 AD2d 226). This out-of-possession landlord has not accepted responsibility, either pursuant to paragraph 58 of the rider, or paragraph 4 of its lease with the tenants, for the condition of the welcome mat and rug runner. These two items are owned, maintained and within the exclusive control of its lessees (*Raynor, supra* [tenant in possession has sole control over hole in carpet that lay within demised premises and was usually covered by an employee-placed runner]; *Aprea v Carol Mgt. Corp.*, 190 AD2d 838 [same]).

Further, there is no evidence that 5582 Broadway either habitually, or even occasionally, reentered the property to assume any control over building maintenance, such as to impute liability for its' lessees' inadequately secured rug (*compare, Dimas v 160 Water St. Assoc.*, 191 AD2d 290). Concur—Tom, J.P., Mazzarelli, Andrias, Ellerin and Rubin, JJ.