■ WILLIAM SAUER et al., Respondents, v ROBERT S. MANNINO et al., Appellants. [765 NYS2d 912] —Kane, J. Appeal from an order of the Supreme Court (Connor, J.), entered December 11, 2002 in Columbia County, which denied defendants' motion for summary judgment dismissing the complaint.

Defendants leased a warehouse to Neversink Construction Corporation, which employed plaintiff William Sauer (hereinafter plaintiff). The lease provided that defendants were responsible for making structural repairs and remedying code violations, and retained the right to enter the premises for these purposes. Neversink obtained a set of wooden stairs from a job it completed, transported them to the leased premises and placed them against a loading dock without securing them. As plaintiff walked onto the top step, the stairs collapsed, causing him to fall. Plaintiff and his wife, derivatively, commenced this personal injury action alleging negligent maintenance of the premises in that the stairs did not have handrails, they were not attached to the building and the risers were improperly nailed to the treads. Following joinder of issue and discovery, defendants moved for summary judgment. Supreme Court denied the motion. We reverse.

An out-of-possession landlord who retains the right to reenter the leased premises for purposes of inspection or structural repair may be held liable for injuries to third parties only where

the injuries arise from structural defects or a specific statutory violation (*see Hausmann v UMK, Inc.,* 296 AD2d 336, 336 [2002]; *Regensdorfer v Central Buffalo Project Corp.,* 247 AD2d 931, 932 [1998]). Even if we consider these stairs to be part of the building's structure, defendants are not liable for the alleged defects created by unsafe nailing of the risers to the treads or the failure to securely attach the stairs to the building. Neversink placed the stairs without asking or notifying defendants, and there was no defect in the loading dock provided by defendants. "[A]n out-of-possession landlord will not be held responsible for unsafe conditions brought about through the act of its tenant" (*Davison v Wiggand,* 259 AD2d 799, 802 [1999], *lv denied* 94 NY2d 751 [1999]).

Even if we were to find that a landlord is responsible for code violations created by a tenant, the code violations alleged here are inapplicable or were not the proximate cause of plaintiff's injuries. Plaintiffs raise several alleged building code violations regarding lack of handrails or guardrails on stairs (*see* 9 NYCRR 765.4 [a] [10], [11], [13]).[1] Assuming that plaintiffs could establish those violations, there is no proof that the lack of handrails was a proximate cause of plaintiff's injuries (*see Larkins v Hayes,* 267 AD2d 524, 526 [1999]). Plaintiff testified in his deposition that his arms were full of scrap metal when the riser on one side of the stairs separated from the treads, causing the stairway to collapse. The possibility that handrails would have prevented his fall is unfounded speculation, which is insufficient to deny summary judgment (*see id.* at 526; *Ackert v V.A.W. of Am.,* 249 AD2d 804, 804-805 [1998]).

Plaintiffs also allege a code violation under 9 NYCRR 765.4 (c) (3)[2] because the stairs were not attached to the building. That subdivision is facially inapplicable here. It requires balconies and platforms on exterior stairways to be securely attached to the building, but these stairs had no balcony or platform. Accordingly, summary judgment should have been granted to defendants dismissing the complaint under each of plaintiffs' theories.

Mercure, J.P., Peters, Spain and Rose, JJ., concur. Ordered

---

1. Plaintiffs also cite the nonexistent 9 NYCRR 765.4 (b) (4), presumably an incorrect citation of subdivision (c) (4), dealing with guardrails on exterior stairways. In any event, our discussion of proximate cause applies to that subdivision as well.

2. Plaintiffs actually cite this regulation as 9 NYCRR 765.4 (b) (3), a subdivision which does not exist. Defendants acknowledge (c) (3) as the presumably intended subdivision.

that the order is reversed, on the law, with costs, motion granted and complaint dismissed.