CAROL REID, Appellant, v 320 E. 81ST STREET CORPORATION et al., Respondents, et al., Defendant. [796 NYS2d 711]—

In an action to recover damages for personal injuries, the plaintiff appeals from a judgment of the Supreme Court, Kings County (G. Aronin, J.), entered April 28, 2004, which, after a jury trial and upon the granting of the motion of the defendants 320 E. 81st Street Corporation, Frank Capelli, John Sintra, and A.J. Clarke Management pursuant to CPLR 4404 (a) to set aside the jury verdict in favor of her and against them, dismissed the complaint.

Ordered that the judgment is affirmed, with costs.

The plaintiff fell through an open trap door of certain premises owned by the defendants 320 E. 81st Street Corporation, Frank Capelli, and John Sintra, and managed by the defendant A.J. Clarke Management (hereinafter collectively the respondents) and leased to the plaintiff's employer. The opening, which led to the basement, was normally covered by the trap door. The plaintiff alleged in her pleadings, inter alia, that the open and unguarded trap door constituted a defective condition, and that the trap door was defective in not containing a grill, toe guard, or other guard around the open area and asserted in her opening statement, her intent to prove those allegations. At trial, both the plaintiff and her expert testified that while the door was safe to walk over when closed, when it was left open it constituted a dangerous condition. In addition, testimony was presented at trial about the placement of the light switch controlling the light in the area in question and the adequacy of the lighting, although neither factor was asserted as the basis of the claim for negligence. The trial court granted the respondents' motion pursuant to CPLR 4404 (a) to set aside the jury verdict in favor of the plaintiff and against them, and dismissed the complaint. On appeal, the plaintiff contends that if the jury believed that the lighting was inadequate or the light switch had been negligently placed, a rational basis existed for the verdict.

For a court to conclude, as a matter of law, that a jury verdict is not supported by sufficient evidence, it must first conclude that "there is simply no valid line of reasoning and permissible inferences which could possibly lead rational [people] to the conclusion reached by the jury on the basis of the evidence presented at trial" (*Cohen v Hallmark Cards*, 45 NY2d 493, 499 [1978]). The trial court properly granted the respondents' motion because there was no evidence that the respondents created a defective condition or violated any specific statutory provision regarding safety (*see Allen v FJI Mgt. Corp.*, 268 AD2d 545 [2000]; *Daniel v Fleisher*, 230 AD2d 763 [1996]; *Wisznic v Nostrand Shoppers*, 215 AD2d 553 [1995]; *Kramer v Ash Clothing*, 213 AD2d 600 [1995]; *Brown v Weinreb*, 183 AD2d 562 [1992]). Since neither the adequacy of the lighting nor the location of the light switch was pleaded by the plaintiff or charged by the trial court, neither factor may constitute a basis for sustaining the jury verdict. Florio, J.P., Adams, Mastro and Lifson, JJ., concur.