■ MICHAEL MITARAS, Appellant, v PICKMAN REALTY CORP. et al., Defendants and Third-Party Plaintiffs-Respondents. GG&M DONUTS, INC., Doing Business as ALPHA DONUTS, Third-Party Defendant-Respondent. [876 NYS2d 80]—

In an action to recover damages for personal injuries, the plaintiff appeals from an order and judgment (one paper) of the

Supreme Court, Queens County (Rosengarten, J.), entered September 25, 2007, which, upon a jury verdict, granted the separate motions of the defendants third-party plaintiffs and the third-party defendant pursuant to CPLR 4404 (a) to set aside the jury verdict in his favor and for judgment as a matter of law, and dismissed the complaint and the third-party complaint.

Ordered that the order and judgment is affirmed, with one bill of costs payable to the respondents appearing separately and filing separate briefs.

The plaintiff allegedly fell into an opening in the floor of premises owned by the defendant third-party plaintiff Cameo Holding, LLC, managed by the defendant third-party plaintiff Pickman Realty Corp. (hereinafter together the defendants), and leased to plaintiff's employer, the third-party defendant GG&M Donuts, Inc., doing business as Alpha Donuts (hereinafter Alpha). The opening, which led to the basement, was normally covered by a trap door. At trial, both the plaintiff and his expert testified that the door was safe to walk over when closed, and that the door only became unsafe when it was left in the open position. The defendants and Alpha separately moved pursuant to CPLR 4404 (a) to set aside the jury verdict in favor of the plaintiff and for judgment as a matter of law. The Supreme Court granted both motions. We affirm.

For a court to conclude, as a matter of law, that a jury verdict is not supported by sufficient evidence, it must first conclude that "there is simply no valid line of reasoning and permissible inferences which could possibly lead rational [people] to the conclusion reached by the jury on the basis of the evidence presented at trial" (*Cohen v Hallmark Cards*, 45 NY2d 493, 499 [1978]). The defendants established their entitlement to judgment as a matter of law by demonstrating that they were out-of-possession landlords that retained no control over the premises where the plaintiff's accident occurred, were not obligated to maintain or repair the premises, and did not violate a specific statutory provision (*see O'Connell v L.B. Realty Co.*, 50 AD3d 752 [2008]; *Kramer v Ash Clothing*, 213 AD2d 600 [1995]).

In light of the dismissal of the complaint, the third-party complaint also was properly dismissed (*see Daniel v Fleisher*, 230 AD2d 763 [1996]). Mastro, J.P., Covello, Dickerson and Leventhal, JJ., concur.