In an action to recover damages for personal injuries, etc., the plaintiffs appeal, as limited by their brief, from so much of an order of the Supreme Court, Kings County (Knipel, J.), dated April 29, 2009, as granted the defendants’ motion for summary judgment dismissing the complaint and denied that branch of *674 their cross motion which was for summary judgment on the issue of liability.
Ordered that the order is modified, on the law, by deleting the provision thereof granting the defendants’ motion for summary judgment dismissing the complaint and substituting therefor a provision denying the motion; as so modified, the order is affirmed insofar as appealed from, with costs to the plaintiffs.
On June 29, 2007, Maria Guadalupe Ramirez (hereinafter the plaintiff) allegedly slipped and fell on a step in the rear of a single-family dwelling located in Brooklyn (hereinafter the premises). The premises were owned by the defendants and rented to a tenant. The defendants moved for summary judgment dismissing the complaint on the grounds that they were out-of-possession landlords who had neither actual nor constructive notice of the alleged defect, and that an oral agreement existed between them and the tenant by which the tenant agreed to be responsible for maintaining the premises and making repairs.
“Generally, [an out-of-possession] landlord may be held liable for injuries] caused by a defective or dangerous condition upon the leased premises if the landlord is under a statutory or contractual duty to maintain the premises in repair” (Sanchez v Barnes & Noble, Inc., 59 AD3d 698, 698-699 [2009] [internal quotation marks omitted]; see Mitaras v Pickman Realty Corp., 60 AD3d 827 [2009]; Robinson v M. Parisi & Son Constr. Co., Inc., 51 AD3d 653 [2008]). Here, there was no lease or other written agreement between the defendants and the tenant to establish that the defendants were out-of-possession landlords who were absolved of their statutory duty to maintain the premises in good repair.
Section 27-2005 (c) of the New York City Administrative Code requires the owner of a one-or two-family dwelling to keep the premises in good repair except as otherwise agreed to between the tenant and the owner of a dwelling, “by lease or other contract in writing.”
Here, the defendants admitted at their depositions that there existed only an oral agreement between them and the tenant, and that the tenant, who had been living in the premises for approximately seven years, did not have a lease or any other written agreement that set forth the terms of the alleged oral agreement concerning repairs (see General Obligations Law § 5-703).
A landowner moving for summary judgment in a premises liability case “has the initial burden of establishing that it did not create the defective condition or have actual or constructive notice of its existence for a sufficient length of time to discover *675 and remedy it” (Goldenfeld v Euro Comfort Furniture, Inc., 48 AD3d 515, 515-516 [2008]; Aguirre v Paul, 54 AD3d 302 [2008]; see Lezama v 34-15 Parsons Blvd, LLC, 16 AD3d 560 [2005]; Bodden v Mayfair Supermarkets, 6 AD3d 372, 373 [2004]).
Here, the defendants failed to establish, prima facie, that they did not have notice of the defective step which proximately caused the plaintiff to fall. At his deposition, the defendant Raymond Saka was shown a picture of the defective step, which the plaintiff testified fairly and accurately depicted the condition of the step as “broken” and “damaged.” After examining the photo, Raymond Saka did not recall whether the step was broken when he last saw it approximately 10 to 15 years ago. Since we find, based on the record, that the defendants failed to establish their prima facie entitlement to judgment as a matter of law, their motion for summary judgment dismissing the complaint should have been denied.
The appellants’ remaining contentions are without merit. Fisher, J.P., Covello, Hall and Sgroi, JJ., concur.