■ EMMETT CURRAN et al., Respondents, v 201 WEST 87TH STREET, L.P., Appellant, et al., Defendant. [54 NYS3d 303]—

In an action to recover damages for personal injuries, etc., the defendant 201 West 87th Street, L.P., appeals from so much of an order of the Supreme Court, Queens County (Lane, J.), entered September 29, 2014, as denied that branch of its motion which was for summary judgment dismissing the complaint insofar as asserted against it.

Ordered that the order is reversed insofar as appealed from, on the law, with costs, and that branch of the motion of the defendant 201 West 87th Street, L.P., which was for summary judgment dismissing the complaint insofar as asserted against it is granted.

The plaintiff Emmett Curran, while walking inside a deli where he was a customer, allegedly sustained injuries when he fell through a trapdoor that had been left open by a deli employee. The deli was operated by the defendant Deli & Group Corp. I, which leased the premises from Jazz Hostels, Inc., which, in turn, leased the premises from the defendant 201 West 87th Street, L.P., the owner of the premises (hereinafter the owner).

Emmett Curran, and his wife suing derivatively, commenced this personal injury action against the owner and Deli & Group Corp. I. The owner moved, inter alia, for summary judgment dismissing the complaint insofar as asserted against it. The Supreme Court denied that branch of the owner's motion, and the owner appeals.

The owner demonstrated its prima facie entitlement to judgment as a matter of law dismissing the complaint insofar as asserted against it. The trapdoor itself was not defective or unsafe when closed, but allegedly became unsafe only upon being left open (*see Reid v 320 E. 81st St. Corp.*, 19 AD3d 471, 472 [2005]; *Daniel v Fleisher*, 230 AD2d 763 [1996]; *Wisznic v Nostrand Shoppers*, 215 AD2d 553 [1995]). This is the case even assuming the truth of the plaintiffs' allegation of a statutory violation based upon the installation of the trapdoor without a permit (*see Malloy v New York Real Estate Assn.*, 156 NY 205, 212-213 [1898]). Accordingly, under the circumstances of this case, the owner demonstrated that there was no basis for imposing liability upon it (*see Anilus v Realties*, 206 AD2d 446, 447 [1994]).

In opposition to the owner's prima facie showing, the plaintiffs failed to raise a triable issue of fact.

The Supreme Court, therefore, should have granted that branch of the owner's motion which was for summary judg-

ment dismissing the complaint insofar as asserted against it. Hall, J.P., Sgroi, Maltese and LaSalle, JJ., concur.