■ JOANN BRASBY, Respondent, v KEN BARRA, Appellant, et al., Defendants. (And a Third-Party Action.)—In an action to recover damages for personal injuries, the defendant Ken Barra appeals, as limited by his brief, from so much of an order of the Supreme Court, Suffolk County (Cohalan, J.), entered January 5, 1989, as denied his motion for summary judgment dismissing the complaint insofar as it is asserted against him.

Ordered that the order is affirmed insofar as appealed from, with costs.

Contrary to the appellant's contentions, the Supreme Court properly concluded that there exist material issues of fact precluding the granting of his motion for summary judgment. The record reveals that the appellant owned certain real property in his individual capacity which he leased to the third-party defendant Barole Restaurant Company Inc., a corporation in which he is sole stockholder and president, and which operates a restaurant known as "Alfie's" on the premises. The plaintiff was injured during her employment as a waitress when she fell through an open trap door located in the floor of the restaurant's kitchen.

Thereafter, the plaintiff commenced suit, *inter alia*, against the appellant, alleging, *inter alia*, that he was in control and possession of the premises and was negligent "in carelessly and negligently keeping and maintaining the opening in the floor and leaving it in a dangerous condition".

The appellant contends that he is entitled to summary judgment dismissing the complaint insofar as it is asserted against him since he, as landlord, was not in possession of the premises, which was controlled by the third-party defendant Barole Restaurant Company, Inc. However, he failed to produce the lease to Barole Restaurant Company, Inc., in support of his motion for summary judgment. The Supreme Court denied his motion, finding that questions of fact existed with respect to the degree of control exercised by the appellant over the premises.

Although in support of his motion, the appellant argued that the premises had been leased in their entirety to Barole Restaurant Company, Inc., and that he did not retain control of the premises in his capacity of landlord, the record reveals that (1) the appellant had actual notice of the allegedly defective condition since 1979 when he purchased the premises, and (2) the appellant does not dispute the plaintiff's assertion that he was frequently present in the restaurant prior to the plaintiff's accident in 1985. The foregoing undermines the appellant's contention that he must, as a matter of law, be viewed on the present record as a landlord out of possession with no notice of the allegedly defective condition. Moreover, the parties' conflicting contentions on appeal with regard to the contents of the lease cannot be reviewed on appeal, since neither party submitted the lease to the Supreme Court *(cf., Hecht v Vanderbilt Assocs., 141 AD2d 696,*

699, *lv dismissed* 73 NY2d 918; *Kennedy v Cassmon Realty Co.,* 139 AD2d 629, 630). Bracken, J. P., Brown, Kunzeman and Kooper, JJ., concur.