■ VIOLET DEXTER, Respondent, v HOROWITZ MANAGEMENT, Appellant, et al., Defendant. [698 NYS2d 33] —Order, Supreme Court, Bronx County (Bertram Katz, J.), entered July 9, 1998, granting plaintiff's motion for an order of preclusion, unanimously reversed, on the law, the facts and in the exercise of discretion, without costs or disbursements, and the motion denied. Order, same court and Justice, entered April 20, 1999, denying defendant Horowitz Management's motion for summary judgment, unanimously reversed, on the law, without costs or disbursements, and the motion granted. The Clerk is directed to enter judgment in favor of defendant-appellant dismissing the complaint as against it. Order, same court and Justice, entered June 25, 1999, denying defendant Horowitz's motion for renewal and reargument, in reality a motion for reargument, of its motion for summary judgment, unanimously dismissed, without costs or disbursements, as academic and, in any event, not appealable.

There is no evidence that Horowitz Management's failure to produce a witness who had, subsequent to the accident, left its employ was willful and contumacious so as to justify the drastic remedy of preclusion (see, *Maillard v Maillard*, 243 AD2d 448), which, in the circumstances, was tantamount to striking the answer. Horowitz, an out-of-possession landlord pursuant to a lease that imposes upon the tenant the sole responsibility for maintaining the premises, was precluded from "denying ownership, operation, maintenance, management, and control of the subject premises." Moreover, as this record shows, many of the discovery delays, for which the IAS Court held Horowitz solely accountable, were attributable to plaintiff. This improvidently granted order of preclusion had the effect of turning an obviously meritless claim against Horowitz into an inquest on damages in a case premised entirely on the negligent maintenance of the demised premises, for which Horowitz was not responsible.

The underlying facts are not in dispute. On December 15,

1993, at approximately 2:00 P.M., plaintiff, a 56 year-old woman, was shopping at defendant Amiga Decorations, a retail decorating shop that had leased the first floor space of Horowitz's building, when she fell through an opening in the floor leading to the basement, the trap doors of which the tenant, with the knowledge that plaintiff was nearby in the store, had left open. Since, under the lease, the sole responsibility for maintaining the premises was on Amiga, Horowitz cannot be held liable. (*See, Manning v New York Tel. Co.*, 157 AD2d 264, 266-269.) Plaintiff can only defend the denial of summary judgment in favor of Horowitz on the basis of the preclusion order. Moreover, there is no evidence that the trap door itself was defective or that it created an unsafe condition. The trap door "could only become unsafe by an improper use, *i.e.*, left in an open position." (*Brown v Weinreb*, 183 AD2d 562, 563.) Thus, there is no factual basis upon which to justify denial of Horowitz's motion for summary judgment dismissing the complaint. Concur—Sullivan, J. P., Rosenberger, Tom, Mazzarelli and Wallach, JJ.