■ PEDRO ALMANZAR, Appellant, v PICASSO'S CLOTHING INC., Defendant, and BILOXI REAL ESTATE CORP. et al., Respondents. [723 NYS2d 11] —Order, Supreme Court, Bronx County (Gerald Esposito, J.), entered October 18, 1999, which granted defendants-respondents' motion for summary judgment dismissing the complaint as against them, unanimously affirmed, without costs.

Plaintiff asserts that while shopping at a clothing store located on premises owned by defendants-respondents out-of-possession landlords, he sustained personal injuries when he tripped over a fish bowl filled with water, causing him to tumble through an open trap door and fall down stairs leading to the basement. Acknowledging that the placement of the bowl on the floor near the open trap door and the basement staircase was negligence on the part of the store only, plaintiff argues that the open trap door was a significant structural defect of which defendants had constructive notice by reason of their right to reenter the store for purposes of inspection and repair, and a contributing cause of the accident. The argument is without merit in the absence of evidence showing that the

trap door was normally kept open for structural reasons. All that appears is that the door was unsafe because improperly kept open by the store. Nor can defendants be held liable for a failure to provide other safeguards (*see, Brown v Weinreb*, 183 AD2d 562; *Wisznic v Nostrand Shoppers*, 215 AD2d 553). Concur—Nardelli, J. P., Andrias, Wallach, Lerner and Rubin, JJ.