■ ROGER LEWIS, Respondent, v SEARS, ROEBUCK AND CO., Respondent-Appellant, and BROOK SHOPPING CENTERS, INC., Appellant-Respondent. [826 NYS2d 243]—

Order, Supreme Court, Bronx County (Alan J. Saks, J.), entered March 1, 2006, which, to the extent appealed from, denied defendant Brook's motion for summary judgment dismissing the complaint and for judgment on its cross claims against defendant Sears, and denied Sears' cross motion for summary judgment dismissing the complaint and Brook's cross claims against it, unanimously modified, on the law, Brook's motion granted to the extent of awarding summary judgment dismissing the complaint against it, and otherwise affirmed, without costs. The Clerk is directed to enter judgment accordingly.

Plaintiff allegedly tripped on a raised portion of a sidewalk that abutted Sears' store and was part of Sears' leasehold in the shopping center. Under section 29 of the lease, landlord Brook was obligated to maintain the common areas of the shopping center, including sidewalks. However, certain sidewalks were included within the tenant's leased space. It is beyond dispute that the sidewalk where this accident took place was identified on the site plan as within the area leased to Sears. Pursuant to section 11 of the lease, Sears was obligated to maintain comprehensive general public liability insurance to cover the demised premises, while Brook's obligation in this respect ran only to "the Common Areas and remainder of [the] Shopping Center."

In light of these lease provisions, Brook, an out-of-possession landlord that reserved a limited right to inspect the demised premises, but did not have an obligation to make repairs therein, is not liable for plaintiff's injuries (*see e.g. Wrubel v Rose Boutique II, Inc.*, 13 AD3d 264 [2004]; *Dexter v Horowitz Mgt.*, 267 AD2d 21 [1999]). Concur—Mazzarelli, J.P., Friedman, Sullivan, Catterson and Malone, JJ.