■ OSVALDO BAEZ, Respondent, v BARNARD COLLEGE, Appellant. [898 NYS2d 29]—

Order, Supreme Court, Bronx County (Lucy Billings, J.), entered November 5, 2008, which denied defendant's motion to set aside a jury verdict on liability, unanimously reversed, on the law, without costs, and the motion granted. The Clerk is directed to enter judgment in favor of defendant.

Plaintiff, a cook in a restaurant operated by defendant's lessee, Tealuxe, fell through a trapdoor in the floor behind the service counter that had been left open by a coemployee. He testified that the trapdoor was used constantly by employees for access to the basement, where supplies and kitchen facilities were located, and that when the trapdoor was open, there was only a foot-long margin on either side, which employees had to "tippy toe" around. Plaintiff himself had been up and down the stairs through the trapdoor about eight times that day. The practice was that an employee called "trapdoor opening" when emerging and closed it after reaching the floor.

The undisputed facts were that defendant was an out-of-possession landlord with, according to the lease, access to the premises for making structural repairs. The building superintendent read the water meter several times a year by going down through the trapdoor. The trapdoor or hatch was constructed pursuant to blueprint specifications, drawn by the tenant, which had been submitted to and approved by the Buildings Department. Prior to Tealuxe's tenancy, there had been no

basement hatch in the premises, and Tealuxe paid for one to be constructed. The tenant then constructed the counter around the trapdoor, consistent with Buildings Department approval. The jury found that the premises were unreasonably dangerous because of the location of the trapdoor, and that defendant was negligent in permitting the trapdoor to be so located on the premises it owned. It found defendant 100% liable based on causation, finding that although plaintiff was also negligent, his negligence was not a substantial factor in causing his injury.

In rejecting the motion to set aside the verdict, the court found that although the trapdoor itself was not dangerous, it became dangerous because of its location and use, which required it to be frequently opened: "[U]ndisputed evidence regarding the configuration and use of the area surrounding the hatch and door . . . provided a basis for the jury to conclude that defendant created a dangerous condition," notwithstanding the "lack of evidence of a structural defect in the hatch or its door." (22 Misc 3d 312, 316-317 [2008].)

Defendant argues that it did not create the condition for which it was held liable. Since the evidence shows that the landlord had no role in designing or constructing the counter, which was done after the commencement of the lease term, there was no basis for the court to conclude that defendant had created the dangerous condition. The only construction work defendant did was to lay the concrete floor and provide for a hatch, both at the tenant's request and approved by the Buildings Department.

Defendant also contends that as an out-of-possession landlord, it cannot be held liable for a nonstructural defect. A properly functioning trapdoor that is left open by someone under the tenant's control is not a structural defect, either pursuant to the lease or under case law (*see Dexter v Horowitz Mgt.*, 267 AD2d 21 [1999]; *Daniel v Fleisher*, 230 AD2d 763 [1996]; *Wisznic v Nostrand Shoppers*, 215 AD2d 553 [1995]; *Brown v Weinreb*, 183 AD2d 562 [1992]).

Under the facts established here, defendant cannot be liable. Implicit in the court's finding is that somehow, the landlord should have required the tenant to remove the counter, which it built to make its business viable, in order to prevent an employee from accidently falling down because of another employee's negligence. Neither the counter nor the trapdoor constitutes a Building Code violation, and neither was structurally defective. Therefore, the landlord, even if it had notice of the configuration, could not be held responsible.

*Brasby v Barra* (156 AD2d 530 [1989]), the only relevant case

cited by plaintiff, is inapposite. There, the defendant owned the real property and was the sole stockholder and president of the restaurant that leased the premises. The plaintiff, a waitress, alleged that the defendant was in control and in possession of the premises when she fell through a trapdoor, which was negligently maintained. In *Brasby* there was a question of fact concerning the landlord's control over the premises as well as whether the trapdoor presented a dangerous condition. Here, there is no claim or evidence that the landlord maintained any control over the leased premises, and the lease specifically imposed responsibility on the tenant for complying with safety requirements in making alterations to the premises. Concur— Friedman, J.P., Moskowitz, Renwick, Freedman and Román, JJ.