■ JOHN MALLOY, Appellant, v MELVIN FRIEDLAND et al., Respondents, et al., Defendant. [911 NYS2d 290]—

Order, Supreme Court, New York County (Joan Madden, J.), entered July 24, 2009, which granted the landlord defendants' motion for summary judgment, unanimously affirmed, without costs.

Plaintiff asserts he was injured in 2007 when he fell into a trapdoor opening while shopping at Hamilton Heights Deli on Manhattan's upper west side. According to the record, the trapdoor had been left open by one of the tenant's employees.

It is well settled that "[a] landlord is not generally liable for negligence with respect to the condition of property after its transfer of possession and control to a tenant unless the landlord is either contractually obligated to make repairs or maintain the premises, or has a contractual right to reenter, inspect and make needed repairs at the tenant's expense, and liability is based on a significant structural or design defect that is contrary to a specific statutory safety provision" (*Babich v R.G.T. Rest. Corp.*, 75 AD3d 439, 440 [2010]). Although the

lease agreement does state that the landlord has the right to reenter to make repairs, plaintiff has failed to show that the Friedland defendants violated any specific statutory safety provision. Moreover, "[a] properly functioning trapdoor that is left open by someone under the tenant's control is not a structural defect, either pursuant to the lease or under case law" (*Baez v Barnard Coll.*, 71 AD3d 585, 586 [2010]).

Pursuant to the lease, the tenant had sole responsibility for maintaining the area where plaintiff alleges he sustained his injuries. Therefore, as out-of-possession owners, the Friedland defendants cannot be held liable under these circumstances (*see Dexter v Horowitz Mgt.*, 267 AD2d 21, 22 [1999]; *see generally Lewis v Sears, Roebuck & Co.*, 35 AD3d 273 [2006]). Concur—Tom, J.P., Friedman, Catterson, Renwick and Manzanet-Daniels, JJ.