■ NORA TERESA DEVLIN et al., Respondents, v BLAGGARDS III RESTAURANT CORP., Doing Business as BLAGGARDS PUB, et al., Respondents, and FRAGLOW REALTY LLC, Appellant. [916 NYS2d 580]—

Order, Supreme Court, New York County (Paul Wooten, J.), entered May 26, 2010, which, insofar as appealed from as limited by the briefs, denied the cross motion of defendant Fraglow Realty LLC (Fraglow) for summary judgment dismissing the complaint as against it, unanimously reversed, on the law, without costs, and the cross motion granted. The Clerk is directed to enter judgment accordingly. Appeal from order, same court and Justice, entered November 30, 2010, which, inter alia, granted the motion of defendant Blaggards III Restaurant Corp. (Blaggards) to reargue, and upon reargument, granted Blaggards' motion for summary judgment dismissing Fraglow's cross claim for contractual indemnification, unanimously dismissed, without costs, as academic.

Plaintiff, an employee of Blaggards, sustained injuries when she slipped on a wet bathroom floor allegedly caused by a leaking air conditioning vent. Plaintiff claimed that Blaggards' owner and the building's owner, Fraglow, were aware of the defective condition several weeks before her accident, since the subject vent was inspected by Blaggards' owner and the building's superintendent.

As an out-of-possession owner, Fraglow had no obligation to perform repairs. Although Fraglow reserved a right in the lease to enter the premises to make repairs, it could only be found liable for failing to do so if the nature of the defect that caused the injuries was a significant structural or design defect that

was contrary to a specific statutory provision (*see Malloy v Friedland*, 77 AD3d 583 [2010]; *Babich v R.G.T. Rest. Corp.*, 75 AD3d 439, 440 [2010]). Since there is no evidence that the condition which caused plaintiff to slip constituted such a defect, there is no basis to impose liability for plaintiff's accident on Fraglow. That conclusion is not affected by whether or not Fraglow had knowledge of the defective condition prior to the accident or retained a right to reenter the premises to inspect and repair under the lease.

In view of the foregoing, Fraglow's appeal from the November 30, 2010 order is dismissed as academic. Concur—Gonzalez, P.J., Mazzarelli, Moskowitz, Acosta and Román, JJ.