■ RYAN J. HOWARD, Respondent, v ALEXANDRA RESTAURANT, Respondent, and GEORGE L. REPETTI, as Executor of JOHN L. REPETTI, Deceased, et al., Appellants. [922 NYS2d 386]—

Order, Supreme Court, New York County (Carol R. Edmead, J.), entered June 3, 2010, insofar as it denied defendants George L. Repetti's, as executor of the estate of John L. Repetti, and Maxwell-Kates, Inc.'s motion for summary judgment dismissing the complaint, unanimously reversed, on the law, without costs, said defendants' motion granted and the complaint and all cross claims dismissed as against them. The Clerk is directed to enter judgment in favor of the moving defendants accordingly. Appeal from order, same court and Justice, entered December 29, 2010, which denied the moving defendants' motion for reargument or renewal, unanimously dismissed, without costs, as academic.

Plaintiff asserts he was injured as he descended a metal staircase after dining at Alexandra Restaurant, located in Manhattan at 455 Hudson Street. Plaintiff testified his accident occurred because the sixth step (about halfway down the stairs) had a clear wet substance on it, causing him to slip and fall down the remaining steps, hitting his left shoulder against the basement floor.

It is well settled that "[a] landlord is not generally liable for negligence with respect to the condition of property after its transfer of possession and control to a tenant unless the landlord is either contractually obligated to make repairs or maintain the premises, or has a contractual right to reenter, inspect and make needed repairs at the tenant's expense, and liability is based on a significant structural or design defect that is contrary to a specific statutory safety provision" (*Babich v R.G.T. Rest. Corp.*, 75 AD3d 439, 440 [2010]).

Although the lease agreement does state that the owner of the premises had the right to reenter to make repairs, plaintiff failed to show that the owner violated any specific statutory safety provision. Although plaintiff submitted a report in which

his expert opined that the accident occurred as a result of structural defects in the stairs, that conclusion was at odds with plaintiff's own deposition testimony, which showed no causal connection between the alleged defects and plaintiff's accident. Hence, the report lacked value.

Pursuant to the lease, the sole responsibility for maintaining the area where plaintiff alleges he sustained his injuries belonged to the tenant, with regard to nonstructural defects. Therefore, the out-of-possession owner or, here, his estate, cannot be held liable under these circumstances (*see Lewis v Sears, Roebuck & Co.*, 35 AD3d 273, 274 [2006]; *see also Dexter v Horowitz Mgt.*, 267 AD2d 21, 22 [1999]). In addition, there is no evidence in the record that shows defendant Maxwell-Kates, Inc., as the managing agent for the premises, had complete and exclusive control of the demised space (*see Mangual v U.S.A. Realty Corp.*, 63 AD3d 493 [2009]; *Hakim v 65 Eighth Ave., LLC*, 42 AD3d 374, 375 [2007]; *Gardner v 1111 Corp.*, 286 App Div 110, 112-113 [1955], *affd* 1 NY2d 758 [1956]). Thus, the moving defendants have established their prima facie entitlement to summary judgment, which plaintiff failed to rebut (*see O'Halloran v City of New York*, 78 AD3d 536, 537 [2010]; *Friends of Animals v Associated Fur Mfrs.*, 46 NY2d 1065, 1067-1068 [1979]). Concur—Mazzarelli, J.P., Sweeny, DeGrasse, Richter and Manzanet-Daniels, JJ. **[Prior Case History: 2010 NY Slip Op 31385(U).]**