■ CARROLL BING, Respondent, v 296 THIRD AVENUE GROUP, L.P., et al., Appellants, et al., Defendant. [941 NYS2d 141]—

Order, Supreme Court, New York County (Jane S. Solomon, J.), entered June 17, 2011, that denied defendants 296 Third Avenue, L.P. and 296 Third Avenue Realty Corp.'s motion for summary judgment dismissing the complaint as against them and on their cross claim for contractual indemnification, unanimously modified, on the law, to grant the motion to dismiss the complaint, and otherwise affirmed, without costs. The Clerk is directed to enter judgment dismissing the complaint against said defendants.

In this action, plaintiff claims that she was injured when she allegedly slipped and fell on a snow or ice condition on a ramp that extends from the sidewalk to the interior of a newsstand located at 162 East 23rd Street in Manhattan (the premises). Pursuant to a commercial lease (the lease), defendants 296 Third Avenue Group, L.P. and 296 Third Avenue Realty Corp. (landlord) leased the premises to the operator of the newsstand, defendant Al Hafeez News Inc. (tenant). The 296 defendants moved for summary judgment on the ground that they are out-of-possession landlords with no duty to maintain the premises or to remove snow. They also argued that they are entitled to contractual indemnification from defendant tenant.

The motion court denied the motion for summary judgment as to liability. The court held that an issue of fact existed as to whether the ramp where plaintiff allegedly slipped was within the demised premises because "[t]he ramp is open to the sidewalk, and so entry into the interior of the store is not necessary." However, the question of whether the ramp is part of the premises or the sidewalk is irrelevant because, under either scenario, tenant, and not landlord, was responsible for clearing the ramp of snow or ice.

Indeed, if the ramp were part of the sidewalk, landlord was not responsible for clearing it of snow or ice because the lease provided that tenant was responsible for maintaining its premises and removing snow and ice from the sidewalk. Thus, the motion court's application of Administrative Code of the

---

**3.** Dr. King, the Fellow in Maternal Fetal Medicine on call at the hospital, delivered plaintiff.

City of New York § 7-210 (b), that imposes liability on owners for, inter alia, their "negligent failure to remove snow, ice, dirt or other material from the sidewalk," was misplaced. In addition, section 7-210 is not applicable to this action because plaintiff did not allege landlord's violation of this section of the Administrative Code.

Moreover, if the ramp were part of the premises, landlord was not responsible for clearing it of snow or ice because, pursuant to the lease, landlord relinquished its possession and control over the premises and was, thus, an out-of-possession owner. "An out-of-possession landlord is generally not liable for the condition of the demised premises unless the landlord has a contractual obligation to maintain the premises, or right to reenter in order to inspect or repair, and the defective condition is 'a significant structural or design defect that is contrary to a specific statutory safety provision' " (*Ross v Betty G. Reader Revocable Trust*, 86 AD3d 419, 420 [2011]). Although landlord retained the right of reentry pursuant to the lease, plaintiff identified the defective condition as snow or ice on the ramp. However, snow or ice is not a significant structural or design defect. Accordingly, the trial court erred in denying landlord's motion. As an out-of-possession owner, landlord was entitled to judgment as a matter of law (*see Ross*, 86 AD3d at 420). Concur—Saxe, J.P., Sweeny, Moskowitz, Manzanet-Daniels and Román, JJ.