Order, Supreme Court, New York County (Debra A. James, J.), entered March 12, 2013, which, upon reargument, adhered to the original determination denying defendant’s motion for summary judgment dismissing the complaint, unanimously reversed, on the law, without costs, and the motion for summary judgment granted. The Clerk is directed to enter judgment dismissing the complaint.
Plaintiff was injured while working in a bar on premises leased from defendant. She testified that she was descending a ladder accessed through a hatch door behind the bar counter when she lost her balance, and when she reached up to grab the floor, the hatch door closed on her hand.
Defendant established prima facie that it was an out-of-possession landlord with no duty to perform non-structural repairs by submitting the lease (see Devlin v Blaggards III Rest. Corp., 80 AD3d 497 [1st Dept 2011], lv denied 16 NY3d 713 [2011]). Further, defendant submitted its expert engineer’s findings that the wooden ladder was “firmly affixed and structur *415 ally sound” and, “when fully open, . . . [was] held in the open position by gravity.”
It is undisputed that neither the ladder nor the hatch door violated any specific statutory provisions, and plaintiff submitted no evidence of another type of industry-wide standard applicable to this case (see Hotaling v City of New York, 55 AD3d 396, 398 [1st Dept 2008], affd 12 NY3d 862 [2009]). Thus, whether defendant had notice of a defective condition in either the ladder or the hatch door is immaterial (see Devlin, 80 AD3d at 497-498).
Given the lease provisions, the evidence that there was an overlap in ownership between defendant and the bar’s corporate owner is insufficient to raise an issue of fact whether defendant was an out-of-possession landlord (compare Brasby v Barra, 156 AD2d 530 [2d Dept 1989]). Concur — Sweeny, J.P., Moskowitz, Renwick, DeGrasse and Gische, JJ.