■ Yuying Qiu, Respondent, v J&J Grocery & Deli Corp. et al., Respondents, and 98 Rivington Realty Corp., Appellant. [982 NYS2d 755]—

Order, Supreme Court, New York County (Eileen A. Rakower, J.), entered June 28, 2012, which denied defendant 98 Rivington Realty Corp.'s motion for summary judgment dismissing the complaint, unanimously reversed, on the law, without costs, the motion granted and the complaint dismissed as against 98 Rivington Realty Corp. The Clerk is directed to enter judgment accordingly.

Although the motion court properly found that the issue of whether a dangerous or defective condition exists which is sufficiently hazardous to create liability is generally a question of fact, to be resolved by a jury (*Alexander v New York City Tr.*, 34 AD3d 312, 313 [1st Dept 2006]), we find that the out-of-possession landlord was entitled to summary judgment where the plaintiff fell through an open trap door in the tenant's store. Even though the landlord reserved the right to reenter the leased premises for purposes of inspection and repair, the properly functioning trap door that was left open by someone within the tenant's control did not constitute " ' "a significant structural or design defect" ' " (*see Bing v 296 Third Ave. Group, L.P.*, 94 AD3d 413, 414 [1st Dept 2012], *lv denied* 19 NY3d 815 [2012]; *Baez v Barnard Coll.*, 71 AD3d 585 [1st Dept 2010]) and plaintiff failed to show a violation of a specific statutory provision, as required to impose liability upon the out-of-possession landlord (*see Centeno v 575 E. 137th St. Real Estate, Inc.*, 111 AD3d 531 [1st Dept 2013]). A general "non-specific

safety provision" such as Administrative Code of City of NY § 28-301.1 is insufficient to impose liability on an out-of-possession owner (*see id.*).

We have considered respondents' remaining contentions and find them unavailing. Concur—Moskowitz, J.P., Richter, Manzanet-Daniels, Clark and Kapnick, JJ.