▪ JAIME ORTIZ, Plaintiff, v CEMD ELEVATOR CORP., Doing Business as CITY ELEVATOR, Appellant, and 845 THIRD L.P. et al., Respondents. [998 NYS2d 176]—

Order, Supreme Court, Bronx County (Kenneth L. Thompson, Jr., J.), entered August 21, 2013, which granted defendants 845 Third L.P. and Rudin Management Co. Inc.'s motion for summary judgment dismissing the complaint as against them, unanimously affirmed, without costs.

Defendants 845 Third, the building owner, and Rudin, the manager, demonstrated that they had no obligation to make repairs to the misleveled elevator. The lease between 845 Third and the nonparty tenant establishes that the owner was an out-of-possession landlord with a right to reenter the premises to make repairs. However, since the defect in the elevator was not a structural or design defect that violated a specific statutory provision, defendants cannot be held liable for plaintiff's injuries. Whether or not defendants had notice of the defect is immaterial (*see Devlin v Blaggards III Rest. Corp.*, 80 AD3d 497 [1st Dept 2011], *lv denied* 16 NY3d 713 [2011]).

Contrary to defendant City Elevator's contention, Administra-

tive Code of City of NY former §§ 27-127 and 27-128 (*see* Administrative Code § 28-301.1) were general, not specific, safety provisions (*Kittay v Moskowitz*, 95 AD3d 451, 452 [1st Dept 2012], *lv denied* 20 NY3d 859 [2013]). Multiple Dwelling Law § 78 is inapplicable because the building at issue is not a multiple dwelling but a commercial building. Concur—Friedman, J.P., Acosta, Moskowitz, Richter and Clark, JJ.