■ SYLVIA VARGA, Respondent, v NORTH REALTY CO. et al., Appellants, et al., Defendants. [999 NYS2d 77]—

Order, Supreme Court, New York County (Paul Wooten, J.),

entered April 23, 2014, which denied defendants North Realty Co., Tabs Real Estate Inc., and A.J. Clarke Real Estate Corp.'s motion for summary judgment dismissing the complaint as against them, unanimously reversed, on the law, without costs, and the motion granted. The Clerk is directed to enter judgment accordingly.

Defendants established prima facie that North Realty, the out-of-possession landlord of the premises in which plaintiff was injured, and Tabs Real Estate, a part owner of North Realty, cannot be held liable to plaintiff because the alleged dangerous condition of the premises is not a significant structural or design defect that violates a specific statutory safety provision (*see Malloy v Friedland*, 77 AD3d 583 [1st Dept 2010]). New York City Building Code (Administrative Code of City of NY) § 27-103 is a general provision addressing the scope of the Building Code. Section 28-301.1 of the Administrative Code imposes on owners the general duty to maintain their buildings in safe condition. The provisions that address means of egress (§ 27-530), vertical exits (§ 27-538), aisles and cross aisles (§ 27-532), seating in assembly spaces (§ 27-531 [a] [1]), interior stairs (§ 27-375 [f]), and exit lighting (§§ 27-540, 27-381) are inapplicable to the facts of this case.

Defendants established that defendant A.J. Clarke, North Realty's managing agent, cannot be held liable for plaintiff's injuries because it exercised no control over the leased premises (*see Howard v Alexandra Rest.*, 84 AD3d 498 [1st Dept 2011]).

In opposition, plaintiff failed to raise an issue of fact as to any of these defendants. Concur—Acosta, J.P., Moskowitz, Richter, Feinman and Clark, JJ.