■ Dulce Figueroa, Appellant, v Skillman Realty Co., Respondent/Third-Party Plaintiff-Respondent. Brooks Brothers Inc. et al., Third-Party Defendants-Respondents, et al., Defendant. [61 NYS3d 476]—

Order, Supreme Court, Bronx County (Wilma Guzman, J.), entered September 23, 2015, which, to the extent appealed from as limited by the briefs, granted the motions of defendant/third-party plaintiff Skillman Realty Co. (Skillman) and of third-party defendant Brooks Brothers, Inc. for summary judgment dismissing the complaint as against Skillman, unanimously affirmed, without costs.

Under the terms of the lease, third-party defendant Brooks Brothers had sole responsibility for maintaining the area where plaintiff sustained her injuries. Skillman was an out-of-possession landlord with no obligation to perform repairs, and thus, cannot be liable, since the wet floor that allegedly caused plaintiff to slip and fall was not a significant structural or design defect contrary to a specific statutory safety provision (*see Bing v 296 Third Ave. Group, L.P.*, 94 AD3d 413, 414 [1st Dept 2012], *lv denied* 19 NY3d 815 [2012]; *Devlin v Blaggards III Rest. Corp.*, 80 AD3d 497 [1st Dept 2011], *lv denied* 16 NY3d 713 [2011]).

We considered plaintiff's remaining contentions and find them unavailing. Concur—Richter, J.P., Gische, Kapnick, Kahn and Kern, JJ.