Cuthbert v Foreign Dev. Serv., Ltd. (2018 NY Slip Op 03812)





Cuthbert v Foreign Dev. Serv., Ltd.


2018 NY Slip Op 03812


Decided on May 29, 2018


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on May 29, 2018

Friedman, J.P., Gische, Tom, Kern, Singh, JJ.


6700 301108/13

[*1]Hanson Cuthbert, Plaintiff-Appellant,
v
Foreign Development Service, Ltd., et al., Defendants-Respondents.


Pollack, Pollack, Isaac & DeCicco, New York (Brian J. Isaac of counsel), for appellant.
Garbarini & Scher, P.C., New York (William D. Buckley of counsel), for respondents.



Order, Supreme Court, Bronx County (Norma Ruiz, J.), entered on or about May 12, 2017, which granted defendants' motion to renew and reargue their prior motion for summary judgment dismissing the complaint and, upon reargument, granted the motion for summary judgment, unanimously affirmed, without costs.
Plaintiff seeks damages for injuries he sustained when one of the cellar doors he had opened to take garbage up to the sidewalk from the restaurant where he was employed snapped back and struck him on the back of the head.
The court providently exercised its discretion in granting defendants' motion for renewal and reargument of their prior motion for summary judgment so that they could submit a lease extension to which they had referred in their initial moving papers but which they had inadvertently failed to attach to the papers (see CPLR 2001). The lease extension demonstrated that the lease was in effect on the date of plaintiff's accident and that plaintiff had received it before defendants brought their motion; thus, its consideration caused no prejudice to plaintiff.
Although defendant Foreign Development Service, Ltd. was an out-of-possession landlord with the right to reenter the leased premises to inspect or repair, the alleged defect in the cellar doors, i.e., rusty hinges and no device, such as a bar, to hold the doors open, was not a structural defect contrary to a specific statutory safety provision (see Almanzar v Picasso's Clothing, 281 AD2d 341 [1st Dept 2001]; Bing v 296 Third Ave. Group, L.P., 94 AD3d 413, 414 [1st Dept 2012], lv denied 19 NY3d 815 [2012]; Baez v Barnard Coll., 71 AD3d 585 [1st Dept 2010]). Defendant Nelson Management Group, Ltd., the managing agent, managed only the floors of residential apartments above the restaurant and had no control over the restaurant's space.
We have considered plaintiff's remaining arguments and find them unavailing.
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: MAY 29, 2018
CLERK