Harrington v Azogues Corp. (2020 NY Slip Op 07275)





Harrington v Azogues Corp.


2020 NY Slip Op 07275


Decided on December 03, 2020


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: December 03, 2020

Before: Renwick, J.P., Manzanet-Daniels, Mazzarelli, Singh, Scarpulla, JJ. 


Index No. 152830/18 Appeal No. 12529 Case No. 2020-02084 

[*1]John Harrington et al., Plaintiffs,
v
Azogues Corp., Doing Business as Via Italia Restaurant, Defendant-Respondent, 77 NY&commat; 46 St., LLC, et al., Defendants-Appellants.


Smith Mazure, P.C., New York (Louise M. Cherkis of counsel), for appellants.
Clausen Miller, P.C., New York (Don R. Sampen of the bar of the State of Illinois, admitted pro hac vice, and Djordje Caran of counsel), for respondent.



Order, Supreme Court, New York County (Louis L. Nock, J.), entered March 6, 2020, which denied defendants 77 NY&commat; 46 St., LLC and Management by 77, LLC's (together, 77 NY) motion for summary judgment dismissing the complaint and cross claims against them, unanimously reversed, on the law, without costs, and the motion granted. The Clerk is directed to enter judgment accordingly.
Plaintiff was injured when he fell through open cellar doors in the sidewalk in front of premises owned and managed by 77 NY. It is undisputed that an employee of defendant [*2]Azogues Corp., the first-floor tenant, had opened the cellar doors from the basement in violation of the usual procedure of opening the doors from the sidewalk to ensure the safety of pedestrians. Indeed, plaintiff did not oppose 77 NY's motion with respect to the dismissal of the complaint as against it, and the motion should be granted on that ground.
For similar reasons, the cross claims against 77 NY should also be dismissed because the record demonstrates that the sole proximate cause of the accident was Azogues' employee's conduct (see Rivera v City of New York, 11 NY2d 856, 857 [1962]; Dillard v New York City Hous. Auth., 112 AD3d 504, 505 [1st Dept 2013]; see e.g. Baez v Barnard Coll., 71 AD3d 585, 586 [1st Dept 2010]; Almanzar v Picasso's Clothing, 281 AD2d 341 [1st Dept 2001]). Contrary to Azogues' contentions, liability may not be imposed on 77 NY based on a failure to provide safeguards to prevent injury, such as warning lights or signals (see e.g. Brown v Weinreb, 183 AD2d 562, 563 [1st Dept 1992]). Nor is Administrative Code § 7-210 is applicable, because there is no evidence that the condition of the sidewalk was a proximate cause of the accident. THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: December 3, 2020