**Perez De Flores v California Fruit 183 Corp.**

2024 NY Slip Op 32403(U)

July 12, 2024

Supreme Court, New York County

Docket Number: Index No. 153372/2019

Judge: David B. Cohen

Cases posted with a "30000" identifier, i.e., 2013 NY Slip Op 30001(U), are republished from various New York State and local government sources, including the New York State Unified Court System's eCourts Service.

This opinion is uncorrected and not selected for official publication.

# SUPREME COURT OF THE STATE OF NEW YORK
# NEW YORK COUNTY

PRESENT: **HON. DAVID B. COHEN**       PART       **58**

*Justice*

-----------------------------------------------------------------------------X

MARIA PEREZ DE FLORES,

           Plaintiff,

- v -

CALIFORNIA FRUIT 183 CORP., 1454 ST. NICHOLAS LLC,

           Defendant.

-----------------------------------------------------------------------------X

| | |
|---|---|
| INDEX NO. | 153372/2019 |
| MOTION DATE | 01/08/2024 |
| MOTION SEQ. NO. | 002 |

**DECISION + ORDER ON MOTION**

The following e-filed documents, listed by NYSCEF document number (Motion 002) 48, 49, 50, 51, 52, 53, 54, 55, 56, 57, 58, 59, 60, 61, 62, 63, 64, 65, 67, 68, 69, 70, 71, 72, 73, 74, 75, 76, 77, 78, 79, 80, 81, 82, 83, 84, 85, 86, 87

were read on this motion to/for       SUMMARY JUDGMENT (AFTER JOINDER) .

In this premises liability action, defendants move, pursuant to CPLR 3212, for summary judgment dismissing the complaint.

## I. Factual and Procedural Background

On March 15, 2019, plaintiff was allegedly injured after she tripped on a hole in the floor of a store located at 1456 St. Nicholas Avenue in Manhattan (the premises) (NYSCEF Doc No. 1). Defendant 1454 St. Nicholas LLC owned the premises and defendant California Fruit 183 Corp. (California Fruit) was a tenant on the ground level that operated the store (Doc No. 62). Shortly thereafter, plaintiff commenced this action against defendants, alleging that she was injured due to their negligent ownership, control, management, and/or maintenance of the premises (Doc No. 1). Defendants now move for summary dismissal of the complaint (Doc No. 48), which plaintiff opposes (Doc No. 74).

**153372/2019 PEREZ DE FLORES, MARIA vs. CALIFORNIA FRUIT 183 CORP.**
**Motion No. 002**

**Page 1 of 8**

1 of 8

### A.  Deposition Testimony of Plaintiff and Her Affidavit (Doc Nos. 59 and 75-76)

At her deposition, plaintiff testified that she went to the premises on the date of her accident to purchase several items (Doc No. 59).  While walking through one of the aisles, she tripped over a hole in the floor.  The area was adequately lit and she was looking straight ahead as she walked, nothing obstructed her view of the aisle.  She did not see the hole prior to tripping, and offered varying descriptions of its dimensions, referring to it as "not very deep," "kind of deep," a "little bit deep," "[the] length of the [floor] tile," and about as long as half of her finger.  Although there were many people at the premises that day, she did not identify any witnesses.  She had never complained previously about the hole and was unaware of any complaints regarding it.  When shown photographs of the interior of the premises, she confirmed that they, generally, accurately represented the premises on the date of her accident.

In support of her opposition to defendants' motion, plaintiff submitted an affidavit with a new photograph annexed to it.  In the affidavit, she averred that the photographs shown to her at her deposition did not accurately depict the area where she fell, whereas the new photograph annexed to the affidavit was an accurate depiction (Doc No. 75).  The annexed photograph appears to show the entrance to the premises and contains a circle with plaintiff's initials signifying the area where she purportedly fell (Doc No. 76).

### B.  Deposition Testimony of California Fruit (Doc No. 62)

At his deposition, California Fruit's owner and manager testified that California Fruit was responsible for maintaining, cleaning, and repairing the floors inside the premises.  When shown a copy of the lease agreement, he verified its accuracy.  The layout of the premises had two entrances leading into an open space and two aisles with merchandise.  Although he was at the premises on the day of plaintiff's accident, neither he nor any other employees witnessed it, and

**153372/2019   PEREZ DE FLORES, MARIA vs. CALIFORNIA FRUIT 183 CORP.**          **Page 2 of 8**
**Motion No.  002**

none of the security cameras at the premises captured video footage of the accident. He was also unaware of any prior tripping incidents at the premises and any complaints regarding the floors. The premises were cleaned daily, but there was no routine or schedule for that process. After he was informed that plaintiff commenced this action, he inspected the area where she allegedly tripped and found no holes or cracks in the floor.

### C. Affidavit of 1454 St. Nicholas (Doc No. 64)

In support of their motion to dismiss, defendants submitted an affidavit from a member of 1454 St. Nicholas. In the affidavit, he averred that the premises were owned by 1454 St. Nicholas on the date of plaintiff's accident and that California Fruit was responsible "for all maintenance and repairs to the interior and exterior of the [premises], including structural repairs to the floors (Doc No. 64 at 1). He personally visited the premises on a date prior to the date of plaintiff's accident and saw no holes in the floor. 1454 St. Nicholas was also unaware of any holes in the floor or any complaints about the flooring.

### D. Lease Agreement Between Defendants (Doc No. 56)

Pursuant to the lease agreement, 1454 St. Nicholas, as the property owner, was responsible for "maintain[ing] and repair[ing] the public portions of the building, both interior and exterior," whereas California Fruit, as the tenant, was responsible for "mak[ing] all nonstructural repairs" to the "demised premises" and the sidewalk (Doc No. 56 at 1). 1454 St. Nicholas also reserved the right to re-enter the premises to make "repairs, replacements, and improvements" that it deemed necessary. However, the lease agreement also contained a rider with a provision providing that California Fruit was required to "maintain and make all repairs to the interior and exterior of the [store], including structural repairs" caused by its actions (id. at 19). The rider also included a

**153372/2019   PEREZ DE FLORES, MARIA vs. CALIFORNIA FRUIT 183 CORP.**                    **Page 3 of 8**
**Motion No.  002**

3 of 8

statement that the rider controlled if there was a conflict between its language and the language of the lease agreement.

### E.  Affidavit of Defendants' Expert (Doc No. 63)

In his affidavit, defendants' expert offered his conclusions based on his experience as an engineer licensed in this State, familiarity with standards and good practices within the engineering industry, and an in-person visit to the premises in November 2021.  He measured the tiles at the premises and found a maximum height differential of one-fourth of an inch, with "no height differential" between the tiles in the area where plaintiff purportedly tripped.  He opined that there was "abundant lighting," however, he provided no light measurement data and did not indicate whether he took any such measurements.  He also concluded that there were "no code violations" of any kind regarding the premises' interior flooring.

Defendants' expert took photographs of the aisle where plaintiff allegedly fell during his in-person visit and annexed them to his affidavit.  Although many of the photographs appear to show no cracks or holes in the floor, one does appear to show a hole in the floor roughly halfway down the aisle (Doc No. 63, exhibit A at 6).

### F.  Affidavit of Plaintiff's Expert (Doc No. 77)

In his affidavit, plaintiff's expert also offered his conclusions based on his experience as a licensed engineer.  However, he never visited the premises and based his conclusions on the assumption that plaintiff tripped on a one-inch-deep hole in the entrance to the premises—not in one of the aisles.  He referenced the annexed photograph from plaintiff's affidavit, in which she allegedly circled and initialed a specific area as the area where she fell.  He opined that the entrance to the store constituted a "means of egress" subject to the New York City Building Code and the Fire Code, and that a one-inch hole violated various code provisions.  One of the provisions he

**153372/2019   PEREZ DE FLORES, MARIA vs. CALIFORNIA FRUIT 183 CORP.**                    **Page 4 of 8**
**Motion No.  002**

[* 4]                                                                    4 of 8

identified, among others, was section 28-301.1 and its requirement that means of egress be "maintained in good working condition" (Doc No. 77 at 7). He opined that the hole was not a trivial defect, amounted to a hazardous, dangerous condition, and that the proper practice was to repair a hole of that size.

## II. Legal Analysis and Conclusions

### A. Defendants' Out-of-Possession Landlord Contentions

Defendants contend that 1454 St. Nicholas cannot be liable for plaintiff's injuries because it is an out-of-possession landlord and the lease agreement made California Fruit responsible for maintaining the store. Plaintiff argues in opposition that 1454 St. Nicholas is still liable because it retained the right to re-enter the store and make repairs.

"An out-of-possession landlord is generally not liable for negligence with respect to the condition of the demised premises unless it (1) is contractually obligated to make repairs or maintain the premises, or (2) has a contractual right to reenter, inspect and make needed repairs and liability is based on a significant structural or design defect that is contrary to a specific statutory safety provision" (*DeJesus v Tavares*, 140 AD3d 433, 433 [1st Dept 2016] [internal quotations marks and citations omitted]; *accord Padilla v Holrod Assoc. LLC*, 215 AD3d 573, 573 [1st Dept 2023]).

Here, defendants have made a prima facie showing that 1454 St. Nicholas was an out-of-possession landlord which could not be subject to liability. The lease agreement and rider contain conflicting information regarding who was responsible for maintaining the premises. The lease agreement indicated that 1454 St. Nicholas was responsible for "maintain[ing] and repair[ing] the public portions of the building, both exterior and interior" (Doc No. 56 at 1), whereas the rider indicated that California Fruit was responsible for "maintain[ing] and mak[ing] all repairs to the

**153372/2019   PEREZ DE FLORES, MARIA vs. CALIFORNIA FRUIT 183 CORP.**          **Page 5 of 8**
**Motion No. 002**

[* 5]                                          5 of 8

interior and exterior of the [premises]" (*id.* at 19). However, a provision of the rider stated that the rider controlled in the event it conflicted with the lease agreement. The affidavit from 1454 St. Nicholas corroborated this allocation of responsibilities as well. Therefore, 1454 St. Nicholas was not contractually obligated to make repairs (*see Negron v Marco Realty Assocs., L.P.*, 187 AD3d 511 [1st Dept 2020] [holding that when there is a conflict between lease agreement and rider, and rider claims to control issue, rider controls]).

Defendants have also demonstrated that, although 1454 St. Nicholas had a right to re-enter the premises, plaintiff's liability is not based on a structural or design defect contrary to a specific statutory provision. In her complaint, plaintiff failed to identify any statutory safety provision violated by defendants. Furthermore, in her bill of particulars, she only referenced Multiple Dwelling Law § 80, which relates to cleanliness, and even stated that the "ordinances, regulations[,] and statutes violated by defendant are left to be determined by [this Court] and will judicially notice [them] at the time of trial" (Doc No. 55 at 5). That is insufficient to allege a structural or design defect (*see Varga v North Realty Co.*, 123 AD3d 639, 640 [1st Dept 2014]; *Kittay v Moskowitz*, 95 AD3d 451, 452 [1st Dept 2012]).

Plaintiff fails to satisfy her shifted burden of demonstrating that questions of fact exist. She does not point to any evidence contradicting the explicit terms of the lease agreement and rider to show 1454 St. Nicholas was contractually obligated to make repairs. Further, to the extent that plaintiff's expert identified various provisions of Building Code and Fire Code, he "improperly raised, for the first time in opposition to the summary judgment motion, a new theory of liability . . . that had not been set forth in the complaint or bill of particulars," which is insufficient to raise triable questions of fact (*Silber v Sullivan Properties, L.P.*, 182 AD3d 512, 513 [1st Dept 2020]).

**153372/2019   PEREZ DE FLORES, MARIA vs. CALIFORNIA FRUIT 183 CORP.**
**Motion No.  002**

**Page 6 of 8**

6 of 8

[* 6]

Therefore, defendants are entitled to summary dismissal of the complaint as against 1454 St. Nicholas (*see Kittay*, 95 AD3d at 451-452 [dismissing defendant from action because it was out-of-possession landlord "with no duty to maintain the premises"]).

*B. Defendants' Dangerous Condition Contentions*

Defendants do not contend that the allegedly dangerous condition was trivial or open and obvious or that they lacked sufficient notice, they contend solely that there was no dangerous or defective condition at the premises and point to statements in affidavits from their expert and 1454 St. Nicholas as evidence. However, it is well established that "whether a dangerous or defective condition exists on the property of another so as to create liability depends on the peculiar facts and circumstances of each case and is generally a question of fact for the jury" (*Trincere v County of Suffolk*, 90 NY2d 976, 977 [1997] [internal quotation marks and citations omitted]; *accord Arpa v 245 E. 19 Realty LLC*, 188 AD3d 479, 480 [1st Dept 2020]).

Here, 1454 St. Nicholas's witness only stated in his affidavit that there were no holes in the floor when he visited the premises prior to the date of plaintiff's accident, and defendants' expert only stated that there were no holes in the floor when he inspected the premises in November 2021—over two years after plaintiff's accident occurred. Neither of those statements directly controverts plaintiff's statements at her deposition and in her affidavit that a hole did exist at the premises. At best, they create a question of fact about whether the hole existed at all. Therefore, defendants are not entitled to summary dismissal of the complaint as against California Fruit (*cf. Sataline v Agrek Enters.*, 173 AD3d 227, 229 [1st Dept 1991] [granting summary judgment because plaintiff's "belated speculation" about alleged hazard meant "there (wa)s simply no evidence . . . to suggest the existence of a defective condition (that) would present a question of fact sufficient to avoid summary judgment dismissal"]).

**153372/2019   PEREZ DE FLORES, MARIA vs. CALIFORNIA FRUIT 183 CORP.**
**Motion No.  002**

**Page 7 of 8**

7 of 8

[* 7]

Accordingly, it is hereby:

ORDERED that the branch of defendants' motion seeking summary judgment dismissing the complaint as against defendant California Fruit 183 Corp. is denied; and it is further

ORDERED that the branch of defendants' motion seeking summary judgment dismissing the complaint as against defendant 1454 St. Nicholas LLC is granted; and it is further

ORDERED that the claims by plaintiff against defendant 1454 St. Nicholas LLC are severed and dismissed with costs and disbursements to defendant 1454 St. Nicholas LLC as taxed by the Clerk upon the submission of an appropriate bill of costs; and it is further

ORDERED that the Clerk of the Court is directed to enter judgment accordingly; and it is further

ORDERED that the parties are to appear for a settlement/trial scheduling conference in person at 71 Thomas Street, Room 305, on November 20, 2024, at 9:30 a.m.

20240712150646DCOHEN1420C8ADAFC64278BB5FD76B4A79DF05

| 7/12/2024 | | | | DAVID B. COHEN, J.S.C. | |
|---|---|---|---|---|---|
| **DATE** | | | | | |
| CHECK ONE: | ☐ CASE DISPOSED | | ☒ NON-FINAL DISPOSITION | | |
| | ☐ GRANTED | ☐ DENIED | ☒ GRANTED IN PART | | ☐ OTHER |
| APPLICATION: | ☐ SETTLE ORDER | | ☐ SUBMIT ORDER | | |
| CHECK IF APPROPRIATE: | ☐ INCLUDES TRANSFER/REASSIGN | | ☐ FIDUCIARY APPOINTMENT | | ☐ REFERENCE |

**153372/2019   PEREZ DE FLORES, MARIA vs. CALIFORNIA FRUIT 183 CORP.**
**Motion No.  002**

Page 8 of 8

8 of 8

[* 8]