**Hughey v Brown Bros. Harriman & Co.**

2024 NY Slip Op 33430(U)

September 30, 2024

Supreme Court, New York County

Docket Number: Index No. 151872/2023

Judge: Mary V. Rosado

Cases posted with a "30000" identifier, i.e., 2013 NY Slip Op 30001(U), are republished from various New York State and local government sources, including the New York State Unified Court System's eCourts Service.

This opinion is uncorrected and not selected for official publication.

# SUPREME COURT OF THE STATE OF NEW YORK
# NEW YORK COUNTY

PRESENT: **HON. MARY V. ROSADO**

*Justice*

| | |
|---|---|
| PART | 33M |

-----------------------------------------------------------------------X

LISA SMITH HUGHEY,

Plaintiff,

- v -

BROWN BROTHERS HARRIMAN & CO., 140 BROADWAY, LLC, JLL MANAGEMENT CORP., HARVARD PROTECTION SERVICES, SCHINDLER ELEVATOR CORPORATION

Defendant.

-------------------------------------------------------------------------X

| | |
|---|---|
| INDEX NO. | 151872/2023 |
| MOTION DATE | 06/13/2024 |
| MOTION SEQ. NO. | 008 |

**DECISION + ORDER ON MOTION**

The following e-filed documents, listed by NYSCEF document number (Motion 008) 194, 195, 196, 197, 198, 199, 200, 201, 202, 203, 204, 205, 206, 207, 208, 209, 217, 218, 219, 220, 221, 222, 229, 230, 231, 232

were read on this motion to/for _____JUDGMENT - SUMMARY_____.

Upon the foregoing documents, Defendants 140 BW, LLC ("140 BW") and Jones Lang Lasalle Americas, Inc.'s ("JLL") (collectively "Movants") motion seeking summary judgment dismissing Plaintiff Lisa Smith Hughey's ("Plaintiff") Complaint and all crossclaims, and summary judgment granting their request for contractual indemnity against Defendant Schindler Elevator Corporation ("Schindler") is denied.

## I.     Background

This is an action for personal injuries arising from an allegedly defective elevator located at 140 Broadway, New York, New York (the "Premises") (*see generally* NYSCEF Doc. 1). Plaintiff allegedly fell on December 14, 2022, when the elevator she was riding suddenly dropped from the 34th to the 27th floor (*id.*). The Premises are owned and managed by the 140 BW and JLL. Schindler was the elevator service provider prior to and on the date of Plaintiff's accident.

**151872/2023   HUGHEY, LISA SMITH vs. BROWN BROTHERS HARRIMAN & CO. ET AL**
Motion No.  008

**Page 1 of 4**

The Movants seek summary judgment dismissing the complaint and all crossclaims against them, as well as an order granting their request for contractual indemnification against Schindler. The Movants concede they owed Plaintiff a duty to ensure their elevators were maintained in a reasonably safe manner. However, Movants argue that their expert, Lawrence Marley, P.E., examined the accident footage, the inspection records, and conducted his own inspection, and determined the elevator at issue was free of defects both before and after Plaintiff's accident. The Movants argue they are entitled to contractual indemnification because there is no evidence of any active negligence on their part and due to the plain language of an alleged indemnification agreement executed between Movants and Schindler.

Plaintiff opposes. Plaintiff argues that her own expert, James Pugh, PHD, P.E. opines that the elevator was chronically defective. Plaintiff argues that Movants had notice of the elevator's defects because the Movants were notified on numerous occasions of the ongoing elevator issues in the building. Plaintiff produced e-mails of complaints about the elevator to the Movants. Plaintiff also points to deposition testimony from JLL where the JLL representative, Michael McDermott, admitted that JLL would reach out to Schindler regarding elevator issues, and the contract executed between Movants and Schindler stated that Movants would inspect the quality of elevator maintenance and retained the right to make its own inspections and tests of the elevators whenever necessary. Schindler also opposes and argues that it is only responsible for indemnification to the extent it was negligent. However, Schindler argues that Movants' expert swears under oath that there were no defects with the elevator and therefore Schindler could not have been negligent. The Movants have not submitted any reply.

151872/2023   HUGHEY, LISA SMITH vs. BROWN BROTHERS HARRIMAN & CO. ET AL          Page 2 of 4
Motion No.  008

[* 2]

2 of 4

## II.    Discussion

"Summary judgment is a drastic remedy, to be granted only where the moving party has tendered sufficient evidence to demonstrate the absence of any material issues of fact." (*Vega v Restani Const. Corp.*, 18 NY3d 499, 503 [2012]). The moving party's "burden is a heavy one and on a motion for summary judgment, facts must be viewed in the light most favorable to the non-moving party." (*Jacobsen v New York City Health and Hosps. Corp.*, 22 NY3d 824, 833 [2014]). Once this showing is made, the burden shifts to the party opposing the motion to produce evidentiary proof, in admissible form, sufficient to establish the existence of material issues of fact which require a trial (*See e.g., Zuckerman v City of New York*, 49 NY2d 557, 562 [1980]).

Viewing the facts in the light most favorable to the non-movants, here Plaintiff and Schindler, the Court finds there are triable issues of fact which preclude summary judgment. Here, the conflicting expert affidavits as to whether the elevator was chronically defective or free from defects creates a triable issue of fact (*see Lowman v Consolidated Edison Co. of New York, Inc.*, 220 AD3d 510, 511 [1st Dept 2023]; *Mable v 384 East Associates, LLC*, 175 AD3d 1127, 1128 [1st Dept 2019] [conflicting expert affidavits regarding potential causes of elevator malfunction precluded summary judgment]).

Moreover, as the contract between Movants and Schindler placed the onus on Movants to inspect the quality of Schindler's work and reserved Movants' right to conduct its inspections and tests of the elevators creates an issue of fact as to whether Movants were affirmatively negligent in maintaining the elevators (*see generally Malloy v Friedland*, 77 AD3d 583 [1st Dept 2010] [property owner may be held liable for condition on premises where it has a contractual right to inspect and make needed repairs]). Indeed, there is testimony that Movants hired a third-party

**151872/2023   HUGHEY, LISA SMITH vs. BROWN BROTHERS HARRIMAN & CO. ET AL**
**Motion No. 008**                                                              Page 3 of 4

[* 3]

elevator consultant named DTM who reviewed maintenance records to ensure Schindler was properly maintaining the elevators (NYSCEF Doc. 204 at 28:9-18).

Finally, there is an issue of fact as to notice as Plaintiffs have produced numerous e-mails to Movants complaining about malfunctions on the elevator where Plaintiff was injured as well as other elevators in the building (*see* NYSCEF Doc. 220). Because there are issues of fact as to Movants' own negligence, the Court denies as premature their motion for summary judgment on their contractual indemnification claim against Schindler (*Lowman v Consolidated Edison Co. of New York, Inc.*, 220 AD3d 510 [1st Dept 2023]; *Spielmann v 170 Broadway NYC LP*, 187 AD3d 492 [1st Dept 2020]).

Accordingly, it is hereby,

ORDERED that Defendants 140 BW, LLC and Jones Lang Lasalle Americas, Inc.'s motion seeking summary judgment dismissing Plaintiff Lisa Smith Hughey's Complaint and all crossclaims asserted against them, and summary judgment granting their claim for contractual indemnity against Defendant Schindler Elevator Corporation, is denied in its entirety; and it is further

ORDERED that within ten days of entry, counsel for Plaintiff shall serve a copy of this Decision and Order, with notice of entry, on all parties via NYSCEF.

This constitutes the Decision and Order of the Court.

| 9/30/2024 | | | | | _Mary V Rosado JSC_ | | |
|-----------|--|--|--|--|----------------------|--|--|
| **DATE** | | | | | **HON. MARY V. ROSADO, J.S.C.** | | |
| **CHECK ONE:** | | CASE DISPOSED | | x | NON-FINAL DISPOSITION | | |
| | | GRANTED | x | DENIED | GRANTED IN PART | | OTHER |
| **APPLICATION:** | | SETTLE ORDER | | | SUBMIT ORDER | | |
| **CHECK IF APPROPRIATE:** | | INCLUDES TRANSFER/REASSIGN | | | FIDUCIARY APPOINTMENT | | REFERENCE |

**151872/2023  HUGHEY, LISA SMITH vs. BROWN BROTHERS HARRIMAN & CO. ET AL**                    Page 4 of 4
**Motion No.  008**

[* 4]                                                                4 of 4