■ PARALEGAL INSTITUTE, INC., Appellant, v BIG SOL MFG. CO., INC., Respondent.—Judgment, Supreme Court, New York County (Carol Huff, J.), entered September 25, 1990, after a bench trial, in favor of the defendant and against the plaintiff in the sum of $168,276.80, inclusive of interest, costs and disbursements, and which, *inter alia,* dismissed the first, third

and sixth causes of action of the complaint with prejudice and awarded defendant judgment on the liability portion of the second counterclaim seeking to recover legal fees and disbursements, unanimously affirmed, with costs.

The IAS Court properly struck the jury demand because plaintiff had waived its right to a jury trial by virtue of the mutual waiver clause in paragraph 26 of the parties' lease *(JIHL Assocs. v Frank,* 107 AD2d 662), and by joining claims for equitable and legal relief arising out of the same transaction *(Kaplan v Long Is. Univ.,* 116 AD2d 508).

The IAS Court properly dismissed plaintiff's first cause of action seeking rescission of the parties' lease based upon fraudulent inducement and the third and sixth causes of action seeking lost profits and alleging a constructive eviction based upon the defendant's purported failure to repair the exterior window frames at the subject premises where the plaintiff, at the bench trial, failed to produce any credible evidence establishing that it was prohibited from operating a paralegal school at the premises because of the condition of the exterior window frames in violation of the parties' written lease agreement. The plaintiff was not entitled to rescission of the lease because of its inequitable conduct in having abandoned the premises in an unsuccessful attempt to avoid rent payments *(see, Tepfer v Berger,* 119 AD2d 668). Plaintiff also failed to prove a constructive eviction by a preponderance of the credible evidence showing that it was substantially and materially deprived of the beneficial use and enjoyment thereof *(see, Barash v Pennsylvania Term. Real Estate Corp.,* 26 NY2d 77, 83). The admitted absence of any violations of record by the New York City Buildings Department, New York City Fire Department, New York City Health and Sanitation Departments, or the New York State Department of Education, when combined with plaintiff's failure to complain about the condition of the exterior window frames at the subject premises after an independent contractor had performed the required repairs, as requested by the plaintiff, at a cost of $5,400 to the defendant, and prior to the plaintiff having abandoned the premises, support the trial court's determination that the plaintiff had failed to establish a prima facie case for either legal or equitable relief.

We have reviewed the plaintiff's remaining claims and find them to be without merit. Concur—Murphy, P. J., Carro, Kupferman, Asch and Kassal, JJ.