■ IRENE WUNSCH, Appellant, v AMF BOWLING CENTER, INC., Doing Business as EAST MEADOW LANES, Respondent, et al., Defendant. [653 NYS2d 665] —In an action to recover damages for personal injuries, the plaintiff appeals, as limited by her brief, from so much of (1) an order of the Supreme Court, Nassau County (McCarty, J.), dated February 1, 1996, as granted the motion of the defendant AMF Bowling Center, Inc., for summary judgment dismissing the complaint insofar as asserted against it, and (2) an order of the same court, dated June 4, 1996, as, in effect, upon renewal, adhered to the original determination.

Ordered that the appeal from the order dated February 1, 1996, is dismissed, as that order was superseded by the order dated June 4, 1996, made upon renewal; and it is further,

Ordered that the order dated June 4, 1996, is reversed insofar as appealed from, on the law, the motion of the defendant AMF Bowling Center, Inc., is denied, so much of the order dated February 1, 1996, as granted the motion of the defendant AMF Bowling Center, Inc., is vacated, and the complaint is reinstated insofar as it is asserted against the defendant AMF Bowling Center, Inc.; and it is further,

Ordered that the plaintiff is awarded one bill of costs.

The plaintiff brought the instant action against, *inter alia,* AMF Bowling Center, Inc. (hereinafter AMF), to recover damages for personal injuries she allegedly sustained when she fell in a bowling alley operated by AMF. The plaintiff alleged that AMF was negligent in the operation and maintenance of the bowling alley. AMF moved for summary judgment dismissing the complaint insofar as asserted against it based upon an admission allegedly made by the plaintiff in an accident investigation report prepared by an AMF employee in connection with her accident.

Because the report which contained the plaintiff's purported admission was neither signed by the plaintiff nor authenticated in any way, the court should not have considered the report or the statement attributed to the plaintiff contained therein *(see, Pizzuto v Poss,* 198 AD2d 910; *Horowitz v Kevah Konner, Inc.,* 67 AD2d 38, 40-41; Prince, Richardson on Evidence § 9-101, at 702 [Farrell 11th ed]). In the absence of such evidence, AMF failed to make a prima facie showing that it was entitled to judgment as a matter of law, and under such circumstances, its motion for summary judgment should have been denied, "regardless of the [in]sufficiency of the opposing papers" *(Alvarez v Prospect Hosp.,* 68 NY2d 320, 324; *see, Ayotte v Gervasio,* 81 NY2d 1062, 1063). Bracken, J. P., O'Brien, Santucci, Friedmann and Goldstein, JJ., concur.