■ R. RAYMOND KURZNER et al., Respondents, v SUTTON OWNERS CORPORATION, Appellant. [666 NYS2d 135] —Order, Supreme Court, New York County (David Saxe, J.), entered March 26, 1997, which, in an action by plaintiffs for an injunction compelling defendant to make repairs to plaintiffs' apartment, property damage, and breach of the warranty of habitability, denied defendant's motion to strike plaintiffs' jury demand and to dismiss claims for trespass and property damage, unanimously modified, on the law, and the motion granted to the extent that the jury demand is stricken and the cause of action for trespass is dismissed, and, as so modified, affirmed, without costs.

Plaintiffs waived the right to a jury trial by joining equitable and legal claims arising out of the same wrong or transaction (*Roberts v 156 E. 79th St. Corp.*, 205 AD2d 315; *Daley v Related Cos.*, 213 AD2d 205; *Paralegal Inst. v Big Sol Mfg. Co.*, 190 AD2d 595). The equitable relief sought is not merely incidental to plaintiffs' legal claims. Nor will money damages alone afford plaintiffs a complete remedy (*Cadwalader Wickersham & Taft v Spinale*, 177 AD2d 315).

Plaintiffs have also failed to demonstrate a viable cause of action for trespass, based on excessive heat, in the circumstances at bar. Trespass involves an interference with a person's right to possession of real property either by an unlawful act or a lawful act performed in an unlawful manner (*New York State Natl. Org. for Women v Terry*, 886 F2d 1339, 1361, cert denied 495 US 947; *see also, Ivancic v Olmstead*, 66 NY2d 349, cert denied 476 US 1117). There has been no showing in this case of either an unlawful act or a lawful act performed in an unauthorized manner. To the contrary, defendant is authorized and obligated under the lease to provide heat to plaintiffs' apartment.

Defendant's remaining contentions are without merit. Concur—Sullivan, J. P., Rosenberger, Wallach, Nardelli and Colabella, JJ.