■ JANET SPEARS, Also Known as JANET BRICK, Appellant-Respondent, v SPEARS FENCE, INC., et al., Respondents-Appellants. [875 NYS2d 166]—

In an action, inter alia, for a judgment declaring the parties' rights with regard to the proceeds of a specified life insurance policy, the plaintiff appeals, as limited by her notice of appeal and brief, from so much of an order of the Supreme Court, Suffolk County (Jones, Jr., J.), dated October 2, 2007, as denied that branch of her cross motion which was for summary judgment on her second cause of action, and the defendants cross-appeal from so much of the same order as denied that branch of their motion which was for summary judgment dismissing the complaint.

Ordered that the order is affirmed insofar as appealed and cross-appealed from, without costs or disbursements.

A broad general release will be given effect regardless of the parties' unexpressed intentions, but may not be read to cover matters which the parties did not desire or intend to dispose of (*see Rotondi v Drewes*, 31 AD3d 734, 735 [2006]; *see also Cahill v Regan*, 5 NY2d 292, 299 [1959]). "While the meaning of a contract is ordinarily a question of law, when a term or clause is ambiguous and the determination of the parties' intent depends upon the credibility of extrinsic evidence or a choice among inferences to be drawn from extrinsic evidence, then the issue is one of fact" (*Amusement Bus. Underwriters v American Intl. Group*, 66 NY2d 878, 880 [1985]; *see Joseph v Rubinstein Jewelry Mfg. Co., Inc.*, 18 AD3d 615, 615 [2005]). Here, such an issue of fact exists as to whether the plaintiff and Edward J. Spears (hereinafter the decedent) intended the waiver clause in article V of a matrimonial stipulation of settlement between them to apply to the proceeds of the subject life insurance policy insuring the decedent, which was owned by the defendant Spears Fence, Inc. (hereinafter the corporation), or whether the proceeds of the policy were to be governed by paragraph 5 of article IX of the matrimonial stipulation of settlement, which concerned the rights of the plaintiff and the decedent in the corporation. Accordingly, the Supreme Court properly denied that branch of the plaintiff's cross motion which was for summary judgment on her second cause of action, in which she sought a judgment declaring, in effect, that she was entitled to 40% of the life insurance proceeds. For the same reason, the court properly denied that branch of the defendants' motion which was for summary judgment dismissing the second cause of action.

The defendants' contention that the decedent's estate is entitled to summary judgment declaring it the owner of 60% of the subject life insurance proceeds was improperly raised for

the first time in the defendants' reply papers (*see Keitel v Kurtz*, 54 AD3d 387 [2008]).

The Supreme Court properly denied that branch of the defendants' motion which was for summary judgment dismissing the first cause of action seeking disbursement of the remaining funds in the corporate escrow account.

In light of our determination, we need not reach the plaintiff's remaining contentions. Fisher, J.P., Florio, Dickerson and Belen, JJ., concur. [*See* 2007 NY Slip Op 33167(U).]