■ KEVIN RAPP et al., Respondents, v 136 OAK DRIVE ASSOCIATES et al., Defendants/Third-Party Plaintiffs-Appellants, et al., Defendant/Third-Party Defendant. [895 NYS2d 488]—

In an action to recover damages for personal injuries, etc., the defendants third-party plaintiffs appeal, as limited by their brief, from so much of an order of the Supreme Court, Nassau County (Galasso, J.), entered January 30, 2009, as denied their motion for summary judgment dismissing the complaint and all cross claims insofar as asserted against them.

Ordered that the order is affirmed insofar as appealed from, with costs.

The plaintiff Kevin Rapp (hereinafter the plaintiff) allegedly sustained injuries when he slipped and fell in the parking lot at 136 Oak Drive in Syosset. The plaintiff's employer leased the subject location from the defendant/third-party plaintiff 136 Oak Drive Associates. The defendant/third-party-plaintiff Karal Associates, Incorporated, was the management company charged with managing the subject premises as the agent for the landlord. The plaintiff alleges that his fall and injuries resulted from a defective condition on the premises consisting, inter alia, of a drain spout through which water from the roof was redirected, and a downspout which was intended to direct the water from the spout and ultimately away from the building and to the street, but which, in its defective condition, directed the water directly onto the parking lot, where it froze.

The plaintiff and his wife, suing derivatively, commenced this action against, among others, the defendants/third-party plaintiffs, 136 Oak Drive Associates and Karal Associates Incorporated (hereinafter together the appellants). The plaintiffs assert that the alleged defective condition was "structural" in nature, and that the landlord, which had a contractual duty to effect "structural repairs," was obligated to repair it. The appellants moved for summary judgment dismissing the complaint and all cross claims insofar as asserted against them on the ground that the condition would not involve a "structural repair." The Supreme Court, inter alia, denied the appellants' motion. We affirm the order insofar as appealed from.

" 'Generally, a landlord may be held liable for injury caused by a defective or dangerous condition upon the leased premises if the landlord is under a statutory or contractual duty to maintain the premises in repair and reserves the right to enter for inspection and repair' " (*Sanchez v Barnes & Noble, Inc.*, 59 AD3d 698, 698-699 [2009], quoting *Juarez v Wavecrest Mgt. Team*, 88 NY2d 628, 642 [1996]). " 'Additionally, the burden is on the plaintiff to prove not only that a dangerous condition existed on the premises but also that the landlord had notice of that condition and a reasonable opportunity to repair it' " (*Reddy v 369 Lexington Ave. Co., L.P.*, 31 AD3d 732, 733 [2006], quoting *Juarez v Wavecrest Mgt. Team*, 88 NY2d at 642).

With regard to the appellants' alleged contractual duty, " '[w]hile the meaning of a contract is ordinarily a question of law, when a term or clause is ambiguous and the determination of the parties' intent depends upon the credibility of extrinsic evidence or a choice among inferences to be drawn from extrinsic evidence, then the issue is one of fact' " (*Spears v Spears Fence, Inc.*, 60 AD3d 752, 753 [2009], quoting *Amusement Bus. Underwriters v American Intl. Group*, 66 NY2d 878, 880 [1985]).

Here, the term "structural repair," while defined to a limited extent in the lease, is not so clear and unambiguous as to be subject to only one interpretation (*see Lerer v. City of New York*, 301 AD2d 577, 578 [2003]; *see also Reiner v Wenig*, 269 AD2d 379 [2000]). Since the appellants failed to submit evidence in support of their motion sufficient to eliminate all issues of fact as to whether the alleged defective condition would entail a "structural repair," whether they were thus contractually obligated to repair it, and whether they had notice of the alleged condition, the Supreme Court properly denied their motion. Inasmuch as the appellants failed to meet their prima facie burden, we need not consider the sufficiency of the plaintiffs' opposition papers (*see Winegrad v New York Univ. Med. Ctr.*, 64 NY2d 851, 853 [1985]; *Delgiudice v Papanicolaou*, 5 AD3d 236 [2004]).

In light of our determination, we need not reach the appellants' remaining contentions. Skelos, J.P., Santucci, Dickerson and Roman, JJ., concur.