■ MODESTA BRIGNONI, Appellant, v 601 WEST 162 ASSOCIATES, L.P., Respondent, et al., Defendants. [939 NYS2d 418]—

Order, Supreme Court, New York County (Judith J. Gische, J.), entered January 12, 2011, which, granted the motion of defendant 601 West 162 Associates, L.P. (601) for summary judgment dismissing the complaint as against it, unanimously reversed, on the law, without costs, and the motion denied.

Plaintiff was injured when a trapdoor collapsed underneath her causing her to fall into the basement of the premises. 601, an out-of-possession landlord, failed to establish as a matter of law that the defective condition that allegedly caused the entire trapdoor, including its hinges, to collapse under plaintiff was not a structural defect (*see e.g. Bernardo v 444 Rte. 111, LLC*, 83 AD3d 753, 754 [2011]). Contrary to 601's contention, whether the trapdoor might have opened and closed properly is not dispositive of whether it was structurally defective (*cf. Malloy v Friedland*, 77 AD3d 583 [2010]; *Baez v Barnard Coll.*, 71 AD3d 585 [2010]).

601's argument that it did not have a right to reenter the premises to inspect or make repairs is belied by the plain language of the lease. Thus, as an out-of-possession landlord with a right of reentry, it may be liable for plaintiff's injuries if it has "constructive notice of a 'significant structural or design defect in violation of a specific statutory safety provision' " (*Heim v Trustees of Columbia Univ. in the City of N.Y.*, 81 AD3d 507 [2011], quoting *Quinones v 27 Third City King Rest.*, 198 AD2d 23, 24 [1993]). Here, an issue of fact exists as to whether 601 had constructive notice of the defective condition. The testimony of 601's property manager and superintendent showed they were both aware of the trapdoor, and that they frequented the bodega. Moreover, there is evidence that the hinges on the trapdoor were readily visible and that they appeared old and rusty (*see Serna v 898 Corp.*, 90 AD3d 560 [1st Dept 2011]).

601's reliance on the lease provision that its obligation to make structural repairs is not triggered unless the tenant notifies it in writing of the need for such repairs, is unavailing, as plaintiff's claim is based on constructive, not actual, notice. In any event, the provision permitting reentry imposes a separate obligation to repair structural defects in conformance with statutory safety provisions. Concur—Mazzarelli, J.P., Saxe, Moskowitz, Freedman and Manzanet-Daniels, JJ. **[Prior Case History: 30 Misc 3d 1223(A), 2011 NY Slip Op 50165(U).]**