■ COMMUNITY COUNSELING & MEDIATION SERVICES, Appellant-Respondent, v RICHARD CHERA et al., Respondents, and NEXT GENERATION CHERA, LLC, Respondent-Appellant, et al., Respondent. [945 NYS2d 18]—

Order, Supreme Court, New York County (Debra A. James, J.), entered July 6, 2011, which, to the extent appealed from as limited by the briefs, granted defendants Richard Chera, Next Generation Chera, LLC doing business as Next Generation LLC and Meir Wax's (collectively landlord) motion for summary judgment dismissing the second cause of action (trespass), denied Next Generation's Chera's motion for summary judgment dismissing the first cause of action (breach of lease), and, sua sponte, upon a search of the record, granted plaintiff tenant partial summary judgment on its first cause of action, unanimously affirmed, without costs. Appeal from order, same court and Justice, entered August 8, 2011, which, insofar as appealed from as limited by the briefs, granted defendant Long Island University's motion for summary judgment dismissing the second cause of action as against it, deemed an appeal from judgment, same court and Justice, entered August 8, 2011, dismissing the complaint as against Long Island University, and so considered, said judgment unanimously affirmed, without costs. Appeal from said judgment, insofar as it dismissed defendant Next Generation Chera's cross claims against Long Island University, unanimously dismissed, without costs, as abandoned.

Tenant's trespass claim was properly dismissed. Paragraph 13 of the lease ("Lease ¶ 13") for the premises at issue expressly authorized landlord to erect new pipes and conduits in tenant's leasehold. Lease ¶ 13 did not condition landlord's right to install the pipes upon tenant's consent, or upon tenant's opinion as to where the pipes should be placed. Accordingly, defendants' installation of the challenged ceiling pipes was not unlawful, nor were the pipes installed in an unauthorized manner (*see e.g. Kurzner v Sutton Owners Corp.*, 245 AD2d 101 [1997]). The only qualification that Lease ¶ 13 placed on landlord's right to

install the pipes is that the pipes be "concealed within the walls, floor, or ceiling." Defendants failure to comply with the "concealment" condition establishes a breach of the lease but does not raise an issue of fact with regard to the cause of action for trespass.

Given this breach of the lease based on the failure to conceal the pipes, landlord's argument that the court erred when, upon a search of the record, it awarded tenant partial summary judgment on its breach of contract claim is unavailing. Landlord's argument that tenant "waived" any purported requirement that it "conceal" the pipes is also unavailing. While there is evidence indicating that tenant may have interfered with defendants' efforts to disguise or camouflage the pipes, no basis exists to find that tenant waived its contractual right to have the pipes concealed. Lease Rider ¶ 33 requires that any waiver of rights be in writing, and there is no evidence of a written waiver (*see Jefpaul Garage Corp. v Presbyterian Hosp. in City of N.Y.*, 61 NY2d 442, 446 [1984]). In any event, any action by tenant to prevent defendants' attempts to disguise the pipes does not constitute an unmistakable, unequivocal intention to relinquish its known right to have the pipes concealed (*see Orange Steel Erectors v Newburgh Steel Prods.*, 225 AD2d 1010, 1012 [1996]).

Landlord's argument that Lease ¶ 13 did not contain a requirement that newly installed pipes be concealed "within walls, floor or ceiling" is belied by the plain language of the lease provision (*see e.g. Brignoni v 601 W. 162 Assoc., L.P.*, 93 AD3d 417 [2012]). Concur—Saxe, J.P., Sweeny, Acosta, Freedman and Román, JJ.