Richer v JQ II Assoc., LLC (2018 NY Slip Op 07474)





Richer v JQ II Assoc., LLC


2018 NY Slip Op 07474


Decided on November 7, 2018


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on November 7, 2018
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

ALAN D. SCHEINKMAN, P.J.
WILLIAM F. MASTRO
BETSY BARROS
FRANCESCA E. CONNOLLY, JJ.


2016-08964
 (Index No. 14936/12)

[*1]Melissa Richer, et al., appellants, 
v
JQ II Associates, LLC, et al., respondents.


Dell & Dean, PLLC (Mischel & Horn, P.C., New York, NY [Scott T. Horn and Naomi M. Taub], of counsel), for appellants.
William J. Fitzpatrick, Hauppauge, NY, for respondents.



DECISION & ORDER
In an action to recover damages for personal injuries, etc., the plaintiffs appeal from an order of the Supreme Court, Suffolk County (Andrew G. Tarantino, Jr., J.), dated June 20, 2016. The order granted the defendants' motion for summary judgment dismissing the complaint and denied, as academic, the plaintiffs' cross motion for leave to amend the bill of particulars.
ORDERED that the order is reversed, on the law, with costs, the defendants' motion for summary judgment dismissing the complaint is denied, and the plaintiffs' cross motion for leave to amend the bill of particulars is granted.
The plaintiff Melissa Richer allegedly was injured when part of an electromagnetic door locking system fell on her head when she went to exit the third floor workspace in a commercial building owned by the defendant JQ II Associates, LLC (hereinafter JQ) and leased by her employer, Cablevision. Richer, and her husband suing derivatively, commenced this action against JQ and its property manager, the defendant We're Associates, Inc., alleging that the defendants had a duty to maintain the premises in a reasonably safe condition, and that they created or had actual or constructive notice of a defective condition in the subject doorway. The defendants moved for summary judgment dismissing the complaint, arguing, inter alia, that JQ was an out-of-possession landlord with no duty to maintain the door locking system. The plaintiffs cross-moved for leave to amend their bill of particulars to assert violations of certain provisions of the New York State Property Maintenance Code. The Supreme Court granted the defendants' motion and denied the cross motion as academic. The plaintiffs appeal.
"An out-of-possession landlord is not liable for injuries that occur on its premises unless the landlord has retained control over the premises and has a duty imposed by statute or assumed by contract or a course of conduct'" (Casson v McConnell, 148 AD3d 863, 864, quoting Alnashmi v Certified Analytical Group, Inc., 89 AD3d 10, 18; see Guzman v Haven Plaza Hous. Dev. Fund Co., 69 NY2d 559, 565-566; Putnam v Stout, 38 NY2d 607, 617-618). The mere reservation of a right to reenter the premises to make repairs does not impose an obligation on the landlord to maintain the premises (see Star v Berridge, 77 NY2d 899, 901; Fuzaylova v 63-28 99th St. Farm Ltd., 161 AD3d 946).
Here, in support of their motion, the defendants submitted the lease in effect at the time of the accident. Paragraph 8(a) of the lease provided that the tenant is required to make all nonstructural repairs to the premises, including the maintenance of the electrical, plumbing, and "all other mechanical systems servicing" the premises. Paragraph 8 (b) of the lease further provided that the tenant "shall be responsible for . . . maintenance and repair of the non-structural elements of the Building," including maintenance and repair of all common areas. Paragraph 57(b) of the lease provided that "[a]nything herein contained to the contrary notwithstanding, Landlord shall be responsible for latent defects and structural repairs" (emphasis added).
"[W]hile the meaning of a contract is ordinarily a question of law, when a term or clause is ambiguous and the determination of the parties' intent depends upon the credibility of extrinsic evidence or a choice among inferences to be drawn from extrinsic evidence, then the issue is one of fact" (Rapp v 136 Oak Dr. Assoc., 70 AD3d 914, 916, quoting Spears v Spears Fence, Inc., 60 AD3d 752, 753 [internal quotation marks omitted]).
The defendants made a prima facie showing that any repair of the alleged defect would not have involved a structural repair that would have been the defendants' responsibility under the lease. Rapp v 136 Oak Dr. Assoc. (70 AD3d 914), relied upon by the plaintiff, is not to the contrary. In that case, the lease defined structural repairs to be repairs "to the roof deck, to the bearing walls and foundation" and the landlord provided no evidence that repairs to the downspout, pipes, and drainage system in order to correct a drainage condition on the roof were not structural repairs within the meaning of the lease. Here, the defendants demonstrated, prima facie, that the claimed defect in the electromagnetic door locking system was not a structural repair as defined by the lease in paragraphs 8(a), 8(b), and 57(b) (see Hunting Ridge Motor Sports v County of Westchester, 80 AD3d 567). In opposition, the plaintiffs failed to raise a triable issue of fact as to whether repair of the alleged defect would have been a structural repair as defined in the lease.
While paragraphs 8(a) and 8(b) of the lease effectively limit the landlord's responsibility for repairs to structural repairs, paragraph 57(b) expands the landlord's repair obligation to include repair of latent defects. Although the defendants contend that the landlord's responsibility should be limited to the repair of latent defects existing at the time the lease was entered into, this portion of the lease is not so clear and unambiguous as to be subject to only one interpretation (see Rapp v 136 Oak Dr. Assoc., 70 AD3d at 916). The defendants, in their moving papers, failed to eliminate all triable issues of fact as to whether the alleged defect was a latent defect within the meaning of paragraph 57(b) of the lease, such that JQ would be responsible for remedying it (see Monopoli v Food Emporium, Inc., 135 AD3d 716, 717; Rapp v 136 Oak Dr. Assoc., 70 AD3d at 916; Shadlich v Rongrant Assoc., LLC, 66 AD3d 759, 760). Accordingly, the Supreme Court should have denied the defendants' motion for summary judgment dismissing the complaint, regardless of the sufficiency of the evidence submitted in opposition to this aspect of the motion (see Winegrad v New York Univ. Med. Ctr., 64 NY2d 851, 853).
The Supreme Court should have granted the plaintiffs' cross motion for leave to amend their bill of particulars to assert violations of certain provisions of the New York State Property Maintenance Code (see Executive Law § 377; 19 NYCRR 1226.1). "In the absence of prejudice or surprise to the opposing party, leave to amend a pleading should be freely granted unless the proposed amendment is palpably insufficient or patently devoid of merit" (Betz v Blatt, 160 AD3d 689, 693 [internal quotation marks omitted]; see Moore v Franklin Hosp. Med. Center-N. Shore-Long Is. Jewish Health Sys., 155 AD3d 945, 945-946). Here, in opposition to the cross motion, the defendants failed to demonstrate the existence of any prejudice or surprise that would result from the proposed amendment, or that the proposed amendment was palpably insufficient or patently devoid of merit (see Carducci v Bensimon, 115 AD3d 694, 695; Deutsche Bank Trust Co. Ams. v Cox, 110 AD3d 760, 762).
SCHEINKMAN, P.J., MASTRO, BARROS and CONNOLLY, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court