Andreyeva v Haym Solomon Home for the Aged, LLC (2021 NY Slip Op 00281)





Andreyeva v Haym Solomon Home for the Aged, LLC


2021 NY Slip Op 00281


Decided on January 20, 2021


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on January 20, 2021
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

LEONARD B. AUSTIN, J.P.
ROBERT J. MILLER
VALERIE BRATHWAITE NELSON
PAUL WOOTEN, JJ.


2019-04117
 (Index No. 516420/18)

[*1]Anastasia Andreyeva, etc., respondent,
v
Haym Solomon Home for the Aged, LLC, appellant, et al., defendants.


Kaufman Borgeest & Ryan, LLP, New York, NY (Eldar Mayouhas and Jacqueline Mandell of counsel), for appellant.
Brand Glick Brand, Garden City, NY (Peter M. Khrinenko of counsel), for respondent.



DECISION & ORDER
In an action to recover damages for wrongful death, etc., the defendant Haym Solomon Home for the Aged, LLC, appeals from an order of the Supreme Court, Kings County (Marsha L. Steinhardt, J.), dated February 21, 2019. The order, insofar as appealed from, denied the motion of Haym Solomon Home for the Aged, LLC, to change venue of the action from Kings County to Nassau County.
ORDERED that the order is affirmed insofar as appealed from, with costs.
Faina Lyubavina (hereinafter the decedent) was a resident of the defendant Haym Solomon Home for the Aged, LLC (hereinafter Haym Solomon), a nursing and rehabilitation facility located in Kings County. After the decedent died, the plaintiff commenced this action against, among others, Haym Solomon to recover damages for, inter alia, wrongful death.
Haym Solomon moved pursuant to CPLR 501 and 511 for a change of venue from Kings County to Nassau County. Haym Solomon asserted that the decedent had executed a written agreement containing a forum selection clause which stated, in pertinent part, that "[a]ny and all actions arising out of or related to this Agreement including all action for personal injury inclusional [sic] of negligence . . . shall be brought in . . . the New York State Supreme Court, located in Nassau, New York." The plaintiff opposed the motion, contending, among other things, that Haym Solomon had failed to demonstrate that the decedent entered into the purported agreement. In an order dated February 21, 2019, the Supreme Court, inter alia, denied the motion, and Haym Solomon appeals.
"[A] written agreement fixing place of trial, made before an action is commenced, shall be enforced upon a motion for change of place of trial" (CPLR 501; see CPLR 511). "A contractual forum selection clause is prima facie valid and enforceable unless it is shown by the challenging party to be unreasonable, unjust, in contravention of public policy, invalid due to fraud or overreaching, or it is shown that a trial in the selected forum would be so gravely difficult that the challenging party would, for all practical purposes, be deprived of its day in court" (LSPA Enter., Inc. v Jani-King of N.Y., Inc., 31 AD3d 394, 395; see Puleo v Shore View Ctr. for Rehabilitation & Health Care, 132 AD3d 651, 652).
Here, in support of its motion to change venue, Haym Solomon submitted an incomplete admissions form. Haym Solomon claimed that this admissions form bore the illegible signature of the decedent. The admissions form contained the forum selection clause that Haym Solomon sought to enforce.
"A writing is ordinarily not relevant . . . unless evidence has been introduced to show that it was made, signed or adopted by a particular person" (Jerome Prince, Richardson on Evidence § 9-101 [Farrell, 2008]). Generally, unless the issue is conceded (see e.g. Grant v United Odd Fellow, 187 AD3d 440), a contract is not enforceable against an individual "unless sufficient evidence has been introduced to sustain a finding that the [individual] was in fact the signer" (Richardson on Evidence § 9-101; see 2 McCormick On Evid § 221 [8th ed]). As relevant here, "the requirement of evidence of authenticity may be satisfied . . . [b]y the testimony of a witness who was present at the time and saw the person make or sign the instrument" (Richardson on Evidence § 9-103; see McCormick On Evid § 222).
In this case, Haym Solomon submitted an affidavit from one of its employees in an effort to authenticate the decedent's alleged signature. However, the employee failed to state that she was present when the decedent allegedly signed the admissions form or that she had personal knowledge as to whether the decedent signed it. Haym Solomon submitted no other evidence to show that the decedent signed the admissions form. Since Haym Solomon failed to adequately authenticate the alleged agreement containing the forum selection clause, it was unenforceable and insufficient to sustain Haym Solomon's burden of demonstrating the existence of "[a] written agreement fixing [the] place of trial" (CPLR 501; see generally Amica Mut. Ins. Co. v Kingston Oil Supply Corp., 134 AD3d 750, 753; Wunsch v AMF Bowling Ctr., 236 AD2d 467, 468; Lane Crawford Jewelry Ctr. v Han, 222 AD2d 214, 215). Accordingly, the Supreme Court properly denied Haym Solomon's motion to change venue of the action from Kings County to Nassau County.
AUSTIN, J.P., MILLER, BRATHWAITE NELSON and WOOTEN, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court