Vaughan v Triumphant Church of Jesus Christ (2021 NY Slip Op 02560)





Vaughan v Triumphant Church of Jesus Christ


2021 NY Slip Op 02560


Decided on April 28, 2021


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on April 28, 2021
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

MARK C. DILLON, J.P.
SYLVIA O. HINDS-RADIX
BETSY BARROS
PAUL WOOTEN, JJ.


2019-11110
 (Index No. 501243/15)

[*1]Horace Vaughan, respondent, 
v
Triumphant Church of Jesus Christ, appellant, et al., defendants.


White & McSpedon, P.C. (Gannon, Rosenfarb & Drossman, New York, NY [Lisa L. Gokhulsingh], of counsel), for appellant.
Douglas & London, P.C. (Arnold E. DiJoseph, P.C., New York, NY [Arnold E. DiJoseph III], of counsel), for respondent.



DECISION & ORDER
In an action to recover damages for personal injuries, the defendant Triumphant Church of Jesus Christ appeals from an order of the Supreme Court, Kings County (Devin P. Cohen, J.), dated March 21, 2019. The order denied that defendant's motion for summary judgment dismissing the complaint insofar as asserted against it.
ORDERED that the order is reversed, on the law, with costs, and the motion of the defendant Triumphant Church of Jesus Christ for summary judgment dismissing the complaint insofar as asserted against it is granted.
The plaintiff, while walking inside a deli where he was a customer, allegedly sustained personal injuries when he fell through an open trapdoor. The deli was operated by the defendant United Express Deli, which leased the premises from the defendant Triumphant Church of Jesus Christ, the owner of the premises (hereinafter the owner). The plaintiff commenced this action against the owner, among others. The owner moved for summary judgment dismissing the complaint insofar as asserted against it. The Supreme Court denied the motion, and the owner appeals.
"An out-of-possession landlord is not liable for injuries that occur on its premises unless the landlord has retained control over the premises and has a 'duty imposed by statute or assumed by contract or a course of conduct'" (Fox v Patriot Saloon, 166 AD3d 950, 951, quoting Alnashmi v Certified Analytical Group, Inc., 89 AD3d 10, 18). "Even if a defendant is considered an out-of-possession landlord who assumed the obligation to make repairs to its property, it cannot be held liable for injuries caused by a defective condition on the property unless it either created the condition or had actual or constructive notice of it" (Rodriguez v Sheridan One Co., LLC, 177 AD3d 801, 801 [internal quotation marks omitted]; see Gordon v American Museum of Natural History, 67 NY2d 836, 837).
Here, the owner failed to demonstrate, prima facie, that it was an out-of-possession landlord that did not have a contractual duty under the lease to maintain and repair the subject trapdoor (see Washington-Fraser v Industrial Home for the Blind, 164 AD3d 543, 545; Quituizaca v Tucchiarone, 115 AD3d 924, 925-926; Lee v Second Ave. Vil. Partners, LLC, 100 AD3d 601, 602; [*2]Rapp v 136 Oak Dr. Assoc., 70 AD3d 914, 916). "'[W]hile the meaning of a contract is ordinarily a question of law, when a term or clause is ambiguous and the determination of the parties' intent depends upon the credibility of extrinsic evidence or a choice among inferences to be drawn from extrinsic evidence, then the issue is one of fact'" (Richer v JQ II Assoc., LLC, 166 AD3d 692, 694, quoting Rapp v 136 Oak Dr. Assoc., 70 AD3d at 916). Although paragraph 46 of the rider to the lease effectively limits the owner's responsibility to "structural portions" of the deli, that phrase is only partially described in the lease, and is not so clear and unambiguous as to be subject only to the interpretation that it excludes the trapdoor (see Rapp v 136 Oak Dr. Assoc., 70 AD3d at 916).
However, the owner established, prima facie, that it did not create the allegedly dangerous condition or have actual or constructive notice of its existence (see Young Jae Lee v International Preschools, 170 AD3d 1091, 1092). At his deposition, the plaintiff testified that he walked over the trapdoor, and then "seconds" later when he stepped back, he fell through a hole caused by the open trapdoor. Accordingly, even though the owner did not present evidence of the last time it inspected the trapdoor, the plaintiff's testimony establishes lack of constructive notice as a matter of law (see Escobar v New York Univ., 172 AD3d 535, 536; Young Jae Lee v International Preschools, 170 AD3d at 1092). In opposition, the plaintiff failed to raise a triable issue of fact. Although the owner's representative testified at his deposition that he was aware of the existence and location of the trapdoor and went into the deli once a month to collect rent, a general awareness that customers could fall through an open trapdoor in the aisle of the deli is legally insufficient to constitute constructive notice of the particular condition that caused the plaintiff's accident (see Adamson v Radford Mgt. Assoc., LLC, 151 AD3d 913, 915; Mauge v Barrow St. Ale House, 70 AD3d 1016, 1017; see also Baez v Barnard Coll., 71 AD3d 585, 585-586; cf. Brignoni v 601 W. 162 Assoc., L.P., 93 AD3d 417, 418).
Accordingly, the Supreme Court should have granted the owner's motion for summary judgment dismissing the complaint insofar as asserted against it.
DILLON, J.P., HINDS-RADIX, BARROS and WOOTEN, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court