Young v Crescent Coffee, Inc. (2023 NY Slip Op 06278)

Young v Crescent Coffee, Inc.

2023 NY Slip Op 06278

Decided on December 6, 2023

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on December 6, 2023
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

HECTOR D. LASALLE, P.J.
FRANCESCA E. CONNOLLY
CHERYL E. CHAMBERS
JANICE A. TAYLOR, JJ.

2021-09565
 (Index No. 513711/16)

[*1]David Young, et al., appellants, 
v
Crescent Coffee, Inc., et al., defendants, Goodrich Management Corp., respondent.

Dell & Dean, PLLC, Garden City, NY (Antonio Marano of counsel), for appellants.
Raven & Kolbe, LLP, New York, NY (Carol S. Blatt of counsel), for respondent.

DECISION & ORDER
In a consolidated action to recover damages for personal injuries, etc., the plaintiffs appeal from an order of the Supreme Court, Kings County (Carolyn E. Wade, J.), dated December 21, 2021. The order granted the motion of the defendant Goodrich Management Corp. for leave to reargue its prior motion for summary judgment dismissing the complaint insofar as asserted against it, which had been denied in an order of the same court dated April 16, 2020, and, upon reargument, in effect, vacated the determination in the order dated April 16, 2020, denying the prior motion, and thereupon granted the prior motion.
ORDERED that the order dated December 21, 2021, is modified, on the law, by deleting the provision thereof, upon reargument, in effect, vacating the determination in the order dated April 16, 2020, denying the motion of the defendant Goodrich Management Corp. for summary judgment dismissing the complaint insofar as asserted against it, and thereupon granting the motion, and substituting therefor a provision, upon reargument, adhering to the determination in the order dated April 16, 2020, denying the motion; as so modified, the order dated December 21, 2021, is affirmed, with costs to the plaintiffs.
The plaintiff David Young (hereinafter the injured plaintiff), a delivery truck driver, allegedly sustained injuries when his right foot fell into a gap between the back of his truck and a loading dock on premises located in Brooklyn. The injured plaintiff, and his wife suing derivatively, commenced subsequently consolidated personal injury actions against, among others, the defendant Feinrose Associates (hereinafter Feinrose), the owner of the premises, and the defendant Goodrich Management Corp. (hereinafter Goodrich), the property manager.
Goodrich moved for summary judgment dismissing the complaint insofar as asserted against it, arguing, inter alia, that Feinrose was an out-of-possession landlord pursuant to a lease agreement, and that Goodrich was entitled to summary judgment because its own duty to maintain the loading dock area extended no further than that of Feinrose pursuant to a management agreement between Goodrich and Feinrose. In an order dated April 16, 2020, the Supreme Court, among other things, denied the motion, determining, inter alia, that Goodrich failed to authenticate the lease agreement it submitted in support of its motion.
Goodrich thereafter moved for leave to reargue its motion for summary judgment dismissing the complaint insofar as asserted against it. In an order dated December 21, 2021, the Supreme Court granted leave to reargue and, upon reargument, granted Goodrich's motion for summary judgment dismissing the complaint insofar as asserted against it. The plaintiffs appeal.
As an initial matter, contrary to the plaintiffs' contention, the Supreme Court providently exercised its discretion in granting leave to reargue (see Petersen v Forest City Ratner Cos., LLC., 203 AD3d 1091, 1092; Bueno v Allam, 170 AD3d 939, 940-941).
The Supreme Court also properly, upon reargument, determined that the lease agreement was properly authenticated. "[A] private document offered to prove the existence of a valid contract cannot be admitted into evidence unless its authenticity and genuineness are first properly established" (Sherrod v Mount Sinai St. Luke's, 204 AD3d 1053, 1055 [internal quotation marks omitted]; see Fairlane Fin. Corp. v Greater Metro Agency, Inc., 109 AD3d 868, 870). Authenticity may be established by, inter alia, "submitting the document with a certificate of acknowledgment" (Fairlane Fin. Corp. v Greater Metro Agency, Inc., 109 AD3d at 870), introducing "the testimony of a witness who was present at the time and saw the person make or sign the instrument" (Andreyeva v Haym Solomon Home for the Aged, LLC, 190 AD3d 801, 802 [internal quotation marks omitted]), a handwriting comparison (see CPLR 4536), self-authentication of official publications or certified copies of public documents (see id. § 4540), deposition testimony (see Choudhry v Starbucks Corp., 213 AD3d 521, 522), or other circumstantial evidence (see People v Jackson, 125 AD3d 1002, 1003). Here, the deposition testimony of Goodrich's property manager adequately authenticated the signatures on the lease agreement (see Choudhry v Starbucks Corp., 213 AD3d at 522).
Nevertheless, the Supreme Court erred, upon reargument, in granting Goodrich's motion for summary judgment dismissing the complaint insofar as asserted against it. "An 'out-of-possession landlord [is] not liable for injuries caused by dangerous conditions on leased premises in the absence of a statute imposing liability, a contractual provision placing the duty to repair on the landlord, or a course of conduct by the landlord giving rise to a duty'" (McDonnell v Blockbuster Video, Inc., 203 AD3d 713, 714, quoting Muller v City of New York, 185 AD3d 834, 835; see Vaughan v Triumphant Church of Jesus Christ, 193 AD3d 1104, 1105). Here, Goodrich failed to eliminate all triable issues of fact as to whether the loading dock was part of the "structure" of the premises under the terms of the lease agreement, and as such, whether it had a duty to repair and maintain that area on Feinrose's behalf (see Vaughan v Triumphant Church of Jesus Christ, 193 AD3d at 1105). In addition, Goodrich failed to eliminate all triable issues of fact as to whether its duties under the management agreement were so comprehensive as to displace both Feinrose's and the tenant's duties of care under the lease agreement (see generally Espinal v Melville Snow Contrs., 98 NY2d 136).
Accordingly, upon reargument, the Supreme Court should have adhered to the original determination denying Goodrich's motion for summary judgment dismissing the complaint insofar as asserted against it.
In light of our determination, we need not reach the plaintiffs' remaining contentions.
LASALLE, P.J., CONNOLLY, CHAMBERS and TAYLOR, JJ., concur.
ENTER:
Darrell M. Joseph
Acting Clerk of the Court